JEFFERSON GENERAL TERM, July, 1849. *Pratt, Gridley, and Allen,* Justices.

## THE PEOPLE *vs.* HORR.

Under an indictment for maliciously cutting and girdling certain fruit trees, described in the indictment as the property of one B., it is sufficient proof of the ownership of the property to show that the premises on which the trees stood were in the possession and occupation of B. at the time of committing the offence.

And evidence that B. was not the sole owner of the premises in question, but was only one of several joint owners who held the legal title in common, will not amount to a variance between the indictment and the proof.

MOTION for a new trial. This was an indictment for feloniously and maliciously girdling and damaging and destroying fruit trees, and was tried at the Jefferson county oyer and terminer in February, 1849, before Justice MASON. The indictment charged the offense to have been committed by the prisoner on

the 5th day of December, 1848, at Lorraine, in the county of Jefferson, by the girdling and otherwise injuring thirteen apple trees, the property of one Walter R. Brown, then and there growing, &c. After considerable testimony had been given by the district attorney in support of the indictment, and after it had been proved that the complainant Walter R. Brown was at the time the injury was done to the trees, and for sometime before had been, in possession of the premises on which the trees were growing; as it appeared that Brown was not the sole owner of the property, it was insisted by the counsel for the prisoner that in order to sustain the indictment it must be shown that Brown was the owner of the property injured, at the time the trespass was committed. It was also insisted by him that Brown had only an undivided interest in said property at that time. It was admitted by the district attorney that Brown was the owner of an undivided interest in said property, only in common with several other persons, and was not the sole owner thereof. The counsel for the prisoner thereupon insisted that the indictment could not be sustained, for the reason that there was a variance between the indictment and the evidence. That the indictment did not alledge that Brown and the other persons were the owners of said property; and that it was not sufficient to alledge the ownership of the property to be in Brown only; and he requested the court so to decide. The court overruled the objection, and decided that it was sufficient to alledge in the indictment that Brown was the owner of the property; although from the evidence before the court it appeared that Brown was the owner of only an undivided interest therein; without saying any thing about the other owners; and that there was no variance between the indictment and the evidence. To which opinion and decision of the court the counsel for the prisoner excepted, and upon a bill of exceptions moved for a new trial.

*J. Moore, Jun.* (district attorney,) for the people.

*T. C. Chittenden,* for the prisoner.

*By the Court,* GRIDLEY, J.   This case comes before the court upon a bill of exceptions taken by the prisoner on the trial of an indictment against him for " maliciously cutting and girdling certain *fruit trees,*" described as the property of one Walter R. Brown.   The counsel for the people proved the commission of the trespass, and that the premises on which the fruit trees grew, was, when the act of trespass was committed, and for sometime previous had been, in the possession of the said Brown. It appeared, however, in a subsequent stage of the trial, that Brown was not the sole owner of the premises in question, being one of several joint owners, who held the legal title in common. ˙ On this ground the counsel for the prisoner insisted that there was a fatal variance between the description of the ownership of the property as laid in the indictment and that established by the proof.   And this is the question presented for our decision.

It is a general principle, that possession is evidence of ownership, both of real and personal property; and is conclusive evidence against a wrong-doer.   (*Cowen & Hill's Notes,* 353.) " And the same principle applies to criminal as well as civil cases."   And Mr. Phillipps (1 *Phil. Ev.* 118, 119) gives many cases in illustration of this rule.   It is not denied that the prosecutor must prove the title to the property described in the indictment as he has laid it; and he does so when he gives evidence of possession.   That alone is evidence of a special or qualified property, which is sufficient to uphold an averment of ownership, in a civil or a criminal case.˙  In a civil action, when the direct issue is on the title, and the question is which party has the better title, the defendant may rebut the prima facie evidence arising from possession, and show a superior right in himself.   Not so in the case of a wrong-doer.   Brown, being in possession, might have maintained trespass against the prisoner for the very act of which he has been convicted, and the prisoner could not have defeated such an action by showing that the plaintiff had a legal title only to an undivided interest in the premises.

Such has been the invariable rule of evidence applied in in-

The People *v.* Horr.

dictments for larceny, arson, and burglary. (*See Stark. Ev. Pt.* 4, *pp.* 829, 830; *Id.* 65, 326, 327.) Indeed, when the offense, as in this case, is committed against the possession, the ownership *must be laid* in him who *occupies suo jure.* (*See* 4 *Stark.* 326, 7, 8; *Rex* v. *Jones, Leach,* 607; *Id.* 478; *Arch.* 254 *to* 258.) In *The People* v. *Gates,* (15 *Wend.* 159,) it was held that the indictment must, in a case of arson in the second degree, charge the house to be the property of the tenant, and not of the party who held the legal title, and a conviction was set aside in that case because the property was laid in the general owner. (*See also* 2 *John.* 105.) The counsel for the prisoner contends that the case of arson stands on peculiar grounds, because the statute has provided, in defining the offense of arson in the first degree, (2 *R. S.* 547, § 9,) " that any house, prison, jail, or other edifice which shall have been usually occupied by persons lodging therein at night shall be deemed a dwelling house of any persons so lodging therein." This clause, however, has no bearing on the question under consideration. The object of the legislature was to enact what had already been declared to be the law in 2*d John.* 105, where it was expressly held that on an indictment for burning the dwelling house of another, it was sufficient if it were in fact the dwelling house of the party, though he was not the owner of the building. In that case the building was a jail, and it was described as the dwelling house of the jailer; and the court said they would not inquire into the tenure or interest which the occupant had in the house burnt. There is nothing in the language of the statutes which create and define the crimes of arson, burglary, and the offence of which the prisoner has been convicted, which requires a different rule to be applied to the description of the ownership of the property in the one case from that in the others. (*See* 2 *R. S.* 577, § 15; *Id.* 547, 555; *Id.* 556.) Nor is there any difference *in this respect,* between the offense of cutting and girdling trees under our act, and the acts of parliament on the same subject. (*See Arch. Cr. Pl.* 284, 285, 286.) Mr. Archbold, in giving directions as to the evidence necessary to be produced, to maintain the several allegations in the indict-

---

ment for "*cutting, breaking, and barking trees, &c.*" says : "Prove that the defendant cut the trees mentioned in the indictment, or some of them, that the trees were the property of J. N., that is, that they were growing on land belonging to him, OR IN HIS OCCUPATION."

There are cases in which the indictment must state the legal title accurately, as where there is no actual occupation of the premises. In such a case, the indictment must charge the trees to be the property of all of the owners, if there be several. It was doubtless to provide for such a case, among others, that the act of 7th Geo. 4, ch. 64, § 14, upon the absence of which from our statute book the prisoner's counsel insisted so strenuously, was passed. I have not access to that act, but its aid is certainly not required to render the evidence of possession in Brown due proof of his ownership of the trees which were cut by the prisoner under the charge in the indictment.

The motion for a new trial must be denied.

