## THE STATE OF IOWA v. McCONKEY.

1. **Indictment: TRESPASS.** An indictment founded on section 4324 of the Revision of 1860, for trespass in cutting down and carrying away the timber of standing and growing trees upon the land of another, should aver the name of the owner of the land upon which the alleged trespass was committed.

2. **Criminal law: TRESPASS.** An indictment under section 4324, Revision of 1860, charging the defendant with cutting down and conveying away the timber of standing and growing trees upon the land of another, is not sustained by evidence showing that defendant carried away timber or wood being on such land.

The State of Iowa v. McConkey.

*Appeal from Polk District Court.*

WEDNESDAY, JUNE 20.

A CRIMINAL prosecution, founded on section 4324 of the Revision, being for a trespass in cutting down and carrying away the timber of standing and growing trees from the land of another. At the trial the defendant was convicted, and fined fifty dollars and costs.

*Phillips & Phillips* for the appellants.

I. The court below erred in overruling the demurrer to the indictment. 2 Hawk., ch. 75, § 71: 14 Iowa, 180; 1 Chitty Cr. L., 212–216; Rev., §§ 2205, 2206, 3726, 4324; 7 Barb., 9, and authorities cited; 2 Hayw. (N. C.), 162; 13 Ired., 341.

II. The indictment was not supported by the evidence given on the trial. Rev., 4324.

III. The court erred in giving and refusing instructions. Rev., § 4812; *Dubuque and Pacific Railroad Co.* v. *Litchfield*, 23 How., 66.

*F. E. Bissell*, Attorney-General, for the State.

I. The first ground of demurrer is not well made, for the reason that the description is sufficiently definite to enable the defendant to defend, and proof by him that any portion of those sections belonged to him would have defeated the prosecution. Lands are only divided into sections by the United States. All the corners and lines of sections are marked by the United States. Only three corners of quarter sections are set by the United States.

II. The second ground is not well taken. The gist of this action is not for the purpose of protecting any particu-

lar individual injured, but the protection of the public generally from the depredations of the class to whom the defendant belongs, that is, willful trespassers.

The indictment is in the language of the statute, and this is all that is required to show that the offense is not a common law offense, but purely statutory. *The State of Iowa* v. *Seamans*, 1 G. Greene, 418; *The State of Iowa* v. *Douglas*, 7 Iowa, 413; *The United States* v. *Clark*, Crabb's C. C. R., 584; *The United States* v. *Martin*, 2 McLean's C. C. R., 256; *The United States* v. *Patterson*, 6 Id., 446.

II. The evidence sustains the substantive crime charged in the indictment. 1 Whart. Am. Cr. L., §§ 616, 620; *The State of Iowa* v. *Coostee*, 15 Iowa, 453; *The State of Iowa* v. *Watsons*, 13 Id., 490.

LOWE, Ch. J. — The first objection raised to the regularity of the proceedings below goes to the sufficiency of the indictment. It was demurred to mainly upon the ground that it failed to set out the name of the owner of the land upon which the trespass was charged to have been committed. The allegation in the indictment upon this point is, that the defendant did commit willful trespass upon the land of another, and not his own, &c., then describing the land without any further description of the owner thereof. This omission is believed to be fatal to the indictment. We are not insensible that chapter 199 of the Revision, in relation to indictments, their forms and requisites, was intended to simplify criminal proceedings, and to dispense with certain formal technicalities and allegations, not material in the statement of the offense, and indeed every matter which would not prejudice the substantial rights of the defendant. But there are certain essential objects not to be lost sight of, and concerning which particularity is still required in framing an indictment.

One of them is the setting out always the name of the injured party if existing and known, and if unknown, then to aver that fact. The importance of this allegation seems to be uniformly recognized in the rulings of the courts on the subject, and in the text books. We refer to only a few authorities. 1 Whart. Cr. L., §§ 250, 251 ; 2 Id., § 2006 ; *Davis* v. *Commonwealth*, 30 Penn., 421; 7 Barb., 9, and authorities cited; 13 Ired., 341; *The People* v. *Carpenter*, 5 Park., 228.

The materiality of such an averment may be determined by considering the purpose for which it is required. One object clearly is to furnish a circumstance in the definition of the offense which will enable the defendant to plead with greater certainty a previous conviction or acquittal, should he again be questioned on the same grounds.

In this respect the name of the injured party would contribute much to the subsequent protection of the accused. Again, by individualizing the party injured, it would enable the accused the better to prepare his defense; and this is a right of which he should not be deprived. The gist of the offense is the injury which he is charged with having done to the person or property of some one. This being an essential allegation, he has a right to controvert it. Can he not prepare to do so more successfully by being advised beforehand who the person alleged to be injured is? Take the case at bar.

The defendant is charged with the commission of a willful trespass in cutting standing timber on two sections of land, which are described in the indictment, but without naming the owner or owners thereof.

These sections in their subdivisions may belong to twenty or thirty different proprietors; now, to compel him to defend against a trespass committed on twelve hundred and eighty acres of land, puts him to an undue disadvantage; whereas, if there are many proprietors, and

the name of the one injured is set out, it localizes the offense upon his particular tract or tracts, and enables him on the one hand, with less difficulty, to prepare his defense, whilst upon the other he could, with greater certainty, plead a former conviction or acquittal, should it subsequently be necessary to do so. We think, therefore, the demurrer should have been sustained.

Again, the section under which the defendant is indicted, describes two methods of committing trespasses upon tim- 2. CRIMINAL bered land, one by cutting down and destroying LAW: tres- pass. standing or growing timber, the other by carry- ing away timber or wood being on such land.

The two acts are distinct, and whilst the indictment charges the former, the evidence only establishes the latter. The variance is too palpable to allow it to pass unnoticed. The verdict of the jury was guilty as charged in the indictment, but it is not at all sustained by the evidence. For this and other reasons, a motion for a new trial was made, which was mistakenly overruled, when it should have been sustained. What we have now said finally disposes of this case, making it unnecessary to notice the other objections.

Reversed.