Cole, Ch. J.
l. CBEnraAi. deuce. The indictment charged the larceny to be in the felonious taking of one trunk, etc., of the value of $25, of the goods and chattels of one R. W. Willets, then and there in the possession of said Willets, being found, etc. Willets was a passenger on the O. B. & Q. railroad from a point' east of Burlington to that city, and his trunk was placed in the care of the baggage-master of the train he was on. The trunk was stolen from the baggage car; was missed shortly after the train arrived at Burlington; was found in the defendant’s possession; he was arrested and taken before a magistrate, by whom he was held to answer for the crime of larceny, and the trunk, etc., was delivered to its owner.
Upon the trial, the baggage-master was introduced as a witness, and testified to the foregoing facts, and was proceeding to testify as to the identity and value- of the trunk, etc., when defendant, by his counsel, objected, unless the trunk was produced, or the receipt therefor, as required by Revision, sections 5048 and 5054. That objection was overruled, and the testimony admitted; and this is the first error assigned. The sections referred to simply direct the care and disposition to be made of stolen or embezzled property when taken by the officer from the accused, and *197 the receipts to be given therefor; but in no manner affect or limit the competency of testimony for either the State or the accused, respecting the same. There was, therefore, no error in overruling the objection.
2. —indict-&om bafiee.ny The only other error assigned is upon the refusal to give an instruction that the jury could not find the defendant guilty under the indictment, if the property stolen was at the time “in the exclusive pos- ' session of another, who had a qualified interest in the same or a right to the possession.” The rule is very well settled that whenever a person has a special property in a thing, or holds it in trust for anotherj the property may be laid in either. As, for instance, goods left at an inn, or intrusted to a person for safe keeping, or for sale, or to a carrier to carry, cloth to a tailor to make into clothes, linen to a laundress to wash, and goods pawned for money, etc. See 2 "Whart. Am. Or. Law, § 1824, et seqr., and authorities cited. The possession of the baggage-master was the possession of the owner. The instruction was rightly refused.
Affirmed.