## BOLES *v.* STATE.

Opinion delivered June 17, 1893.

1. *Indictment—Misnomer of grand juror.*
   Where the name " Swafford John " was found on the alternate grand jury list, and the record failed to show that a juror of that name served or was excused, but did show that John Swafford was sworn as a grand juror, an indictment found by the grand jury should not be quashed where the court finds that the latter was the person selected by the jury commissioners and described as " Swafford, John."

2. *Indictment for robbery—Ownership of property.*
   An indictment for robbery under the statute (Mansfield's Digest, sec. 1599), as at common law, must allege the ownership of the property taken.

Appeal from Madison Circuit Court.

EDWARD S. McDANIEL, Judge.

Lee Boles was convicted of robbery in the Madison circuit court on change of venue from Carroll county.

The indictment charges that "the said Lee Boles and Bone Terry, in the said county of Carroll in the eastern district thereof, in the State of Arkansas, on the 10th day of July, 1892, unlawfully, forcibly, violently and by putting in fear, did take, from the person and possession of one R. A. Martin, one United States treasury note, lawful money of the United States of America, of the denomination and value of $5; one paper bill, current money of the United States of America, of the denomination and value of $5, a further description of which is to the grand jury unknown ; five paper bills, the denomination of which is to the grand jury unknown, current and lawful money of the United States of America, and of the aggregate value of $50; five silver coins, lawful money of the United States of America, of the aggregate value of $5; and the grand jury do accuse the said Lee Boles and Bone Terry of the crime of robbery, against," etc.

The assignments of error are stated in the opinion.

*J. M. Pittman* for appellant.

*James P. Clarke*, Attorney General, for appellee.

1. Misnomer of grand juror.

MANSFIELD, J. Before pleading to the indictment on which he was convicted, the defendant moved to set it aside on the ground that there was "a substantial error in the formation of the grand jury" by which it was found. Mansf. Dig. sec. 2157.

In support of this motion he read in evidence a record entry, made at the term at which the indictment was found, showing the lists of grand and alternate grand jurors returned by the jury commissioners. From this it appeared that the name "Swafford John" was found upon the alternate list, and that the name "John Swafford" was not found upon either of the lists. And as the record failed to show that a juror described as "Swafford John" was either excused from service or

sworn, but did show that "John Swafford" was sworn
as a member of the grand jury, the defendant contended
that no person of the latter name had been selected by
the jury commissioners or summoned from the bystanders.
But the court found from the record that the "John
Swafford" sworn as a juror was the same person selected
by the commissioners and described by them as "Swaf-
ford, John." On this finding the court very properly
overruled the motion.

The sufficiency of the indictment was challenged
both by demurrer and by motion in arrest of judgment ;
and we think it is obviously defective in failing to allege
the ownership of the money charged to have been taken.
That allegation is found in all the common law prece-
dents of indictments for robbery, and we have been
unable to find any adjudged case in which it has been
dispensed with under a statute similar to ours. 3 Green-
leaf, Ev. sec. 223, note 2; 2 Bish. Cr. Pr. sec. 1002.
The section of our statute defining the crime is as fol-
lows : " Robbery is the felonious and violent taking of
any goods, money or other valuable thing from the per-
son of another by force or intimidation ; the manner of
the force or the mode of intimidation is not material, fur-
ther than it may show the intent of the offender." Mansf.
Dig. sec. 1599. This is but an affirmance or adoption of
the common law offense of robbery, and the indictment
must therefore allege all the facts necessary to constitute
the offense at common law. One of these facts, according
to all the authorities, is that the property taken belonged
to the person robbed or to a third person. *Common-
wealth* v. *Clifford*, 8 Cush. 215 ; *State* v. *Absence*, 4
Port. (Ala.) 397 ; *Roberts* v. *State*, 21 Ark. 183 ; *Clary*
v. *State*, 33 Ark. 561–2 ; 2 Bish. Cr. Law, secs. 788, 789,
1156 n. 1, 1159 ; 2 Bish. Cr. Pr. secs. 1002, 1006; 3 Green-
leaf, Ev. sec. 224 ; *Brown* v. *State*, 28 Ark. 126 ; *Haley* v.
*State*, 49 Ark. 151 ; *Scott* v. *State*, 42 Ark. 73; *State* v.

2. Indict-
ment for rob-
bery must
allege owner-
ship.

*Ah Loi,* 5 Nevada, 99 ; *Smedly* v. *State,* 30 Tex. 214; *People* v. *Vice,* 21 Cal. 344 ; *Stegar* v. *State,* 99 Am. Dec. 472 and notes.

The indictment pursues substantially the language of the statute. But that is not always sufficient, even where the offense charged was created by the statute. *State* v. *Graham,* 38 Ark. 519. "Where the offense," said Judge Smith, "is purely statutory, having no relation to the common law, it is generally sufficient to follow the language of the statute." *State* v. *Witt,* 39 Ark. 216. But here it was plainly the intention of the legislature not to create an offense, but to provide for the punishment of 'one existing at the common law ; and of that offense the matter omitted by this indictment is an essential element, although the statute does not expressly mention it. *Commonwealth* v. *Clifford,* 8 Cush. 215. In the case just cited the indictment was upon a statute similar to ours, and the Supreme Court of Massachusetts held it bad because it failed to allege the ownership of the property. The same ruling was made in the *People* v. *Vice,* 21 Cal. 344, and in other cases cited above.

Mr. Bishop says that in robbery the ownership of the property "must be alleged  *  *  precisely as in larceny." 2 Bish. Cr. Pr. sec. 1006. And we presume that it would not be contended that an indictment for larceny would be good if it contained no allegation of either a general or special ownership. 2 Bish. Cr. Law, sec. 789 ; 2 Bish. Cr. Pr. secs. 718, 720. See also *Scott* v. *State,* 42 Ark. 73 ; *Blankenship* v. *State,* 55 Ark. 244.

The judgment will be reversed, and the cause remanded with instructions to the circuit court to quash the indictment and to hold the defendant subject to the further action of the grand jury on the charge against him.