STATE OF IOWA V. CHARLES HARRIS, Appellant.

**Instructions:** CONSTRUED. Where defendant testified in his own behalf, and the court charged the jury that in considering what weight should be given his testimony, they might consider his interest in the case, and also consider the evidence offered of his bad moral character, such instruction, joined with the further statement that defendant should be presumed to be innocent until the evidence offered should convince them beyond a reasonable doubt that he was guilty, is proper, and in no way denies the defendant the presumption of innocence which the law creates.

SAME. An instruction that if, after hearing all the evidence, the minds of the jury are brought to a belief in defendant's guilt, they have no reasonable doubt, is not prejudicial, where the jury are further instructed that if, after weighing all the evidence, they are not certain that defendant is guilty, they would have a reasonable doubt of his guilt, and should acquit, and that a reasonable doubt means a doubt which arises reasonably from the evidence.

HARMLESS ERROR. The substitution of the word "fact," for the word "allegation," in an instruction that the plea of not guilty, puts in issue every material fact involved in the crime charged is harmless.

**Robbery:** PRESUMPTIONS. An instruction in a prosecution for robbery, that unexplained possession of the fruits, recently after the crime, creates a strong presumption of guilt, is not erroneous, where the robbery by somebody is established by uncontradicted evidence.

**New Trial:** CRIMINAL LAW. Newly discovered evidence is not sufficient to authorize a new trial in a criminal case.

**Practice Supreme Court:** AFFIDAVITS. Where it is assigned as error, that the judge did not caution the jury, when it was permitted to separate during the trial, as provided by Code, section 4435, such omission, being within the knowledge of the trial court, should have been set out in a bill of exceptions, properly authenticated, and the assignment will not be considered, when supported only by affidavits, not made part of the record.

*Appeal from Lee District Court.*—HON. A. J. McCRARY, Judge.

TUESDAY, APRIL 7, 1896.

THE defendant was convicted of the crime of robbery, and from the judgment, which required him to be imprisoned in the state penitentiary at Ft. Madison, at hard labor, for the term of three years, and to pay the costs, he appeals.—*Affirmed.*

*Watson & Weber* for appellant.

*Milton Remley,* attorney general, for the state.

ROBINSON, J.—The indictment charges that the robbery alleged, was committed on the ninth day of November, 1894, by striking and putting in fear one Arnold Treuthardt, and by stealing from his person and carrying away a gold watch and chain of the value of twenty dollars. Treuthardt testified that in the evening of the day specified, he was hit upon the back of his head by a person unknown to him, and that a watch and between six and eight dollars in money were taken from him. No one saw the robbery, and the evidence upon which the defendant was convicted was circumstantial. The watch was in his possession on the morning next following the robbery, and a few days later he transferred it to one Kennedy. He told different and conflicting stories in regard to the ownership of the watch and the source from which he obtained it. He claimed on the trial that he received it from Harry Marsh, the morning of November 10, and there is evidence which tends to corroborate this claim, although it was denied by Marsh.

I.   The first instruction to the jury given by the court, set out the offense charged by the indictment. The second instruction is as follows: "(2) To this charge the defendant pleads not guilty. This plea puts in issue every material fact involved in the crime charged, and before you can convict the defendant, the state must establish beyond a reasonable doubt

the guilt of the defendant. That is, if after hearing the evidence of all the witnesses, your minds are brought to the belief in the defendant's guilt, then you may be said to have no reasonable doubt, and if you so find from the evidence, you should find the defendant guilty; but if, after weighing all the evidence, your minds should be in a condition of uncertainty, then you may be said to have a reasonable doubt, and in that case your verdict should be 'Not guilty.'" The appellant complains of this instruction for various reasons, the first of which is that it uses the word "fact" as the equivalent of "allegation." The use made of the word was not accurate, but the meaning which was intended to be conveyed is reasonably certain, and prejudice could not have resulted from the error. A more serious question arises from the definition of a reasonable doubt, which is contained in the instruction. That states, in effect, that if the evidence creates in the minds of the jurors a belief in the defendant's guilt, they would not have a reasonable doubt that he was guilty. That is not necessarily true. It is said that "belief admits of all degrees, from the slightest suspicion to the fullest assurance." Webst. Int. Dict. A person may entertain a belief in regard to a matter, which is not sufficiently firm to exclude all reasonable doubt. But the statement to which we have referred is qualified by what follows. It is said, in substance, that if, after weighing all the evidence, the jurors are not certain that the defendant is guilty, they would have a reasonable doubt as to his guilt; and the next instruction states that "a reasonable doubt means a doubt which arises reasonably from the evidence, and is not a captious doubt, or a doubt which is raised as an excuse, or opportunity, to raise a discussion from unimportant, and immaterial, or trivial, evidence."

With these modifications, the error in the definition pointed out could not have been prejudicial.

II. The defendant testified, as a witness for himself, and the court charged the jury as follows: "The defendant has the right to testify in his own behalf, and he has availed himself of that privilege. The character of the defendant, as a witness, has been attacked, and evidence offered, tending to show his moral character is bad. You have a right to consider his evidence, but you, have also the right, in determining what weight you give to the evidence, to consider his interest in the case, the temptation to shield himself from the consequences of crime. Also, you may, in that connection, consider the evidence offered, tending to show his bad moral character, and give to the evidence just such weight as you may think the same entitled to." It is urged against this instruction, that it assumes that the defendant is guilty of the crime charged, and denies him the presumption of innocence, which the law creates. But the instruction must be read in connection with other portions of the charge, and when that is done, it appears that the objection is not well founded. The jurors were instructed that the defendant was presumed to be innocent until the evidence submitted for the state should convince them, beyond a reasonable doubt, that he was guilty.

III. The seventh instruction was as follows: "The possession of the fruits of a crime recently after the crime, if unexplained to the satisfation of the jury, becomes a very strong circumstance of guilt. In this case the witness Arnold Treuthardt, was knocked down and robbed on the streets of Ft. Madison, the night of November 9, 1894. The defendant is seen next day with the watch, and gives his explanation of his possession. A few days later he gives other explanations of his possession, and in his testimony

here on the stand gives his explanation. The wit-
ness Marsh, from whom he claims to have received the
watch, personally testifies denying his having the watch;
and it is for you to consider all these matters and deter-
mine whether the defendant has explained his posses-
sion of the watch in such a way as to raise a reasonable
doubt in your mind as to his guilt. If he has not, then
the law makes that possession a very strong presumption
of guilt, and very justly so, for the reason that any one
getting property honestly, can usually present ample
proof of it." This instruction is criticised on the
ground that the presumption of guilt arising from the
possession of property recently stolen applies to cases
of larceny, and that it does not apply where a robbery
is involved. The instruction must be construed in
connection with the facts in the case. That Treuth-
ardt was robbed as he claimed, was shown without
conflict in the evidence, and it is not denied that the
defendant was in possession of the watch the next
morning, and that he made contradictory statements in
regard to it. Certainly, under these circumstances,
his possession unexplained, tended strongly to show
that he was guilty of the robbery. As applied to the
facts in the case, the instruction was not erroneous.

IV. It is said that the verdict was contrary to
the evidence. We have read the evidence with care,
and conclude that it was sufficient to authorize the
verdict. Certainly we should not be authorized to
disturb the verdict for lack of evidence. Portions of
the charge to which we have not specifically referred,
are criticised. It is undoubtedly true that the charge
is not in all respects accurate, but, when considered
as an entirety, and applied to the facts in this case, it
is without error that could have been prejudicial to
the defendant.

V. The defendant complains of the action of the
court in overruling his motion for a new trial. The

grounds of the motion, insisted upon in this connection, are that material evidence had been dis covered after the cause was submitted to the jury, and that the court failed to caution the jury when it was permitted to separate during the trial, as required by section 4435 of the Code. It is only necessary to say in regard to the first ground, that newly discovered evidence is not sufficient to authorize a new trial in criminal cases. The evidence to sustain the second ground, was in the form of affidavits only, and it is not shown that they were made a part of the record. But they are not, in any event, competent evidence of the facts. to which they relate. The alleged omissions were within the knowledge of the trial court, and, if the statements in regard to them are true, they should have been set out in a bill of exceptions, properly authenticated. *Rayburn v. Railway Co.*, 74 Iowa, 641 (35 N. W. Rep. 606, and 38 N. W. Rep. 520). As that was not done, we must presume that the court discharged its duty in admonishing the jury, as required by the statute. We find no sufficient ground for disturbing the judgment of the district court, and it is AFFIRMED.