STATE OF IOWA v. C. G. WASSON, Appellant.

**Robbery:** INDICTMENT: OWNERSHIP OF PROPERTY. An indictment
1 for robbery which does not allege the ownership of the property, is insufficient.

**Indictment:** SUFFICIENCY. While in general it is sufficient to charge
2 an offense in the language of the statute, this rule does not obtain where the statute does not necessarily charge the offense named.

**Cross-examination of defendant.** The State may cross-examine a
3 defendant as to his residence or occupation, although it may tend to discredit him.

**Evidence:** IMPEACHMENT. It is error to permit the State to impeach a defendant on immaterial matters developed on his cross-examination.

*Appeal from Linn District Court.*— HON. W. N. TREICH-LER, Judge.

WEDNESDAY, JANUARY 11, 1905.

THE defendant was convicted of the crime of robbery, and appeals.— *Reversed.*

*James H. Trewin* and *Edmund Nichols,* for appellant.

*Charles W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

SHERWIN, C. J.— The indictment charges that the defendant assaulted Thomas Malone, " and, with force and violence, willfully and feloniously did steal, take, and carry away from the person " of said Malone the sum of $75. The indictment does not otherwise allege the ownership of the property, and its sufficiency is assailed because thereof. Section 4753 of the Code provides: " If any person, with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is guilty of robbery." The offense thus created by the statute embraces all of the elements essential to the crime under the common law. 2 Cooley's Blackstone (4th Ed.), section 242. Under the statute, as well as by the common law, robbery is larceny committed by violence from the person of one put in fear. Lord Hale defined it as " the felonious and violent taking of any money or goods from the person of another, putting him in fear, be the value thereof above or under one shilling." 1 Hale, Pleas of the Crown 532. In 2 Bishop's Criminal Law, section 1158, it is said that rob-

1. ROBBERY: indictment; ownership of property.

bery is a mere compound larceny. It is larceny aggravated by the matter which by the common law or by the statute makes it robbery. The crime, as defined by the statute, includes larceny from the person, and one who is indicted for the former may be convicted of the latter offense. *State v. Reasby,* 100 Iowa, 231; *State v. Mikesell,* 70 Iowa, 178; *State v. Graff,* 66 Iowa, 482. In proceeding under the common law, it is necessary to allege and prove ownership, precisely as in larceny, and such has been held to be the rule where it is a statutory crime. 2 Bishop's Criminal Procedure, 1006; McClain's Crim. Law, section 481; 18 P. & P. 1223; *People v. Ammerman,* 118 Cal. 23 (50 Pac. Rep. 15); *Brooks v. People,* 49 N. Y. 436 (10 Am. Rep. 398); *Com. v. Clifford,* 8 Cush. 215; *State v. Morgan,* 31 Wash. 226 (71 Pac. Rep. 723); *State v. Dengel,* 24 Wash. 49 (63 Pac. Rep. 1104); *Boles v. State,* 58 Ark. 35 (22 S. W. Rep. 887).

To constitute the crime of robbery, there must be larceny from the person, within the meaning of the law. There can be no larceny or robbery where a person takes his own property, or where he takes the property under a bona fide belief that it is his own. In other words, it is essential that the taking be *animo furandi.* *State v. Hollyway,* 41 Iowa, 200. It is the general rule, and the rule in this State, that an indictment charging larceny, simple or compound, must allege the ownership of the property. *State v. Cosgrove,* 109 Iowa, 68; *State v. Mullen,* 30 Iowa, 203; *State v. Morrissey,* 22 Iowa, 158. In *State v. Cunningham,* 21 Iowa, 433, the indictment charged larceny from the person, and alleged the ownership of the property to be in the person from whom it was taken, while the proof showed that it belonged to him and his partner. This was held sufficient, but we there recognized the necessity of the allegation of ownership. The presumption of guilt arising from the recent possession of stolen property applies in robbery as well as in larceny. *State v. Harris,* 97 Iowa, 407. Section 5289 of the Code

requires that, when material, the name of the person injured or attempted to be injured be set forth, when known to the grand jury, or if not known, that it be so stated in·the indictment.  In *State v. McConkey*, 20 Iowa, 574, this requirement of the law was applied to an indictment for trespass, and the indictment held bad because the ownership of the land on which the trespass was committed was not alleged.

While it is generally sufficient to charge an offense in the language of the statute, such is not the rule when the statute does not necessarily charge the offense named.  *State v. Curran*, 51 Iowa, 112; *State v. Butcher*, 79 Iowa, 110; *Quinn v. C., B. & Q. Ry. Co.*, 63

2. INDICTMENT: sufficiency.

Iowa, 510.  As we have shown, robbery is but larceny in an aggravated form, both by common law and under the statute; and, as larceny is defined to be the felonious taking of the property of another, we are of the opinion that an allegation of ownership is necessary in an indictment for robbery.  It is said, however, that, if this be conceded, the indictment must be held good, because it charges that the defendant did " steal from the person of Malone."  It is true that we have held that the word " steal," used in an indictment, means a felonious taking.  *State v. Griffin*, 79 Iowa, 568.  But we have never gone beyond this, and cannot, because of the requirement of the statute already referred to.

· The defendant was a witness in his own behalf, and on cross-examination he was asked questions as to his former residence and occupation, which elicited information from which it might be inferred that he had been an

3. CROSS-EXAMINATION OF DEFENDANT.

inmate of the reform school at Eldora.  There was no error in this.  While it was not competent to show that fact by direct testimony, the State had the right to cross-examine the witness on both subjects, although it might tend to disgrace and discredit him.  *State v. Pugsley*, 75 Iowa, 742.

Many immaterial questions were asked the defendant

on cross-examination, and his answers thereto were contradicted by the State on rebuttal.    In this there was prejudicial error.    It is a familiar rule that a witness may **4. EVIDENCE: impeachment.** not be impeached on immaterial matters.    *State v. Falconer,* 70 Iowa, 416.    That such an attempt was prejudicial is apparent, and would alone require a reversal of the case.

The other errors complained of are not likely to arise if there shall be a retrial of the case, and we need not discuss them.

For the errors pointed out, the judgment is reversed and the case remanded.— *Reversed.*