**STATE of Iowa, Appellee,**

v.

**James William PATMAN, Appellant.**

**No. 53911.**

Supreme Court of Iowa.

Sept. 9, 1971.

Donald E. Doyle, Davenport, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., and Edward N. Wehr, County Atty., Davenport, for appellee.

REYNOLDSON, Justice.

The charge of robbery with aggravation was lodged against defendant by county attorney's information. After trial, conviction and sentence, defendant appeals. We affirm.

Just after 1:00 A.M. on May 13, 1969 a man wearing a long trench coat and a mask resembling a ski mask robbed Gary Louis Joseph, attendant at Dick's I-80 Shell service station at Davenport, Iowa. At gunpoint Joseph removed approximately $75.00 from the cash register and placed it in a paper bag furnished by the bandit. The latter ran from the station where he was joined by a second masked man wearing a blue jacket. They disappeared around a corner of the station building.

About ten minutes later two Davenport policemen, acting on a tip, proceeded to a Davenport house in which a Mr. Williams, a Mr. Minor and the defendant resided. The first two persons named were in the front seat of an automobile these officers then observed stopping at this residence. Defendant was seen lying on his side in the back seat. Officer Hummes testified, "Well, I ordered the—we ordered them out of the car. He got up, sat up, as if to get out. He said then—he said just a second, and he went right back and started reaching down on the floor." Upon sharp command, defendant terminated this movement and got out of the car. In his rear left pocket policemen found a paper sack containing $75.00.

A blue jacket and a dark trench coat with two face masks in the pocket were on the back seat floor of the auto. Underneath the coat was a gun. The paper sack, trench coat, masks, blue jacket and gun were all identified by Joseph or the other eyewitness Braun as being identical in all respects to the articles used in the holdup. They were admitted into evidence.

These witnesses had only a limited opportunity to observe a person well masked and wearing a large, long trench coat. Neither Joseph nor Braun was able to identify defendant as the bandit in the station. They were also unable to identify him in the police lineup. They excluded defendant as the tall lookout in the blue jacket. Their description of the general appearance of the gunman would not exclude defendant.

Motion for directed verdict urged by defendant at conclusion of State's evidence was renewed after both parties rested. Grounds asserted were, State failed to prove any criminal intent, failed to establish a conspiracy, and failed to connect defendant with the crime alleged. Motion was overruled by trial judge. Defendant assigns this as error. His single "brief point" reiterates the first two grounds of his above motion and adds, "That the State failed to identify by independent origin the Defendant-Appellant as being at the scene of the alleged crime * * * ".

■ Where defendant complains of failure to grant a motion for directed verdict on the grounds of insufficiency of evidence, we consider the evidence for such purpose in the light most favorable to the State. State v. Evans, 169 N.W.2d 200 (Iowa 1969); State v. Keyser, 257 Iowa 73, 130 N.W.2d 701 (1964).

Defendant apparently reasons there was insufficient proof to connect him with the crime because State's witnesses failed to identify him. By statute there is no burden on the prosecution to prove defendant was present at the robbery. Under § 688.1,

Code, 1971, if defendant aided and abetted in the commission of the offense he is to be indicted, tried and punished as a principal. This issue was raised in State v. Dwinells, 259 Iowa 945, 951, 146 N.W.2d 231, 235 (1966), where we observed:

"There was no direct evidence that defendant was at or near the scene of the robbery at the time it occurred. The State's case is bottomed on the theory that he is guilty as an accomplice. As such he is prosecuted as a principal, Code, 1966, chapter 688."

▋ Defendant's participation as an aiding and abetting accomplice may be proved by circumstantial evidence. State v. Brown, 172 N.W.2d 152 (Iowa 1969). Such evidence may be equal in value to, and sometimes more reliable than, direct evidence. State v. DeRaad, 164 N.W.2d 108 (Iowa 1969); State v. McClelland, 162 N.W.2d 457 (Iowa 1968). The circumstantial evidence must pass the test of being not only consistent with defendant's guilt but inconsistent with any rational hypothesis of his innocence. State v. Schatterman, 171 N.W.2d 890 (Iowa 1969); State v. Myers, 158 N.W.2d 717 (Iowa 1968).

▋ Our court has followed the general rule that where the *corpus delicti* has been established, the defendant's possession of recently stolen property may be sufficient to sustain a guilty verdict. State v. Hobbs, 252 Iowa 439, 107 N.W.2d 242 (1961); 22A C.J.S., Criminal Law, § 597, p. 379; Underhill, Criminal Evidence, § 600, p. 1460 (5th ed. 1957). This rule is applied to property taken by robbery. State v. Dwinells, 259 Iowa 945, 146 N.W.2d 231 (1966); State v. Wasson, 126 Iowa 320, 101 N.W. 1125 (1905); 46 Am.Jur., Robbery, § 48, p. 160–161.

In the case before us, there was evidence of defendant's personal, exclusive possession of the stolen money approximately ten minutes after the robbery. He attempted to hide from the apprehending officers. His close proximity to the instrumentalities used in the crime, coupled with his move-ment toward the car floor in the direction of the gun when ordered out of the car would indicate his joint possession and control of the paraphernalia employed in the commission of the robbery. See analogous situation in State v. Kittelson, 164 N.W.2d 157 (Iowa 1969).

▋ These operative facts, and the testimony of the robbery witnesses, were sufficient evidence when viewed in its most favorable light to the prosecution for the jury to find beyond a reasonable doubt that defendant was the bandit with the gun. The same evidence, under the instructions, could have led the jury to find that defendant was an aider and abettor.

▋ In State v. Horrell, 260 Iowa. 945, 952, 151 N.W.2d 526, 531 (1967), we said,

"A common purpose among two or more persons to commit a crime, of course, need not be shown by positive evidence, but may be inferred from the circumstances surrounding the act *and from defendant's conduct subsequent thereto.*" (Emphasis supplied).

A closely allied principle we have often enunciated is that knowledge or intent required for aiding and abetting may be inferred from proven surrounding circumstances. State v. Kittelson, 164 N.W.2d 157, 162 (Iowa 1969); State v. Myers, 158 N.W.2d 717, 720 (Iowa 1968). Here defendant's intent, common purpose ("conspiracy" as employed in defendant's assigned errors) and connection with the crime were all sufficiently established by circumstances proved at trial to generate a jury question. The circumstantial evidence could be found to be inconsistent with any rational hypothesis of defendant's innocence.

Under the record and applicable law, trial court was justified in overruling the motion for directed verdict. We find no error and the case is—

Affirmed.

All Justices concur.