**STATE of Iowa, Plaintiff–Appellee,**

v.

**Melvin Palestine CORNELISON, Defendant–Appellant.**

**No. 94–970.**

Court of Appeals of Iowa.

June 27, 1995.

Kermit L. Dunahoo of the Dunahoo Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, and Robert J. Glaser, Assistant Attorney General, Area Prosecutions, for appellee.

Considered by DONIELSON, C.J., and SACKETT and HUITINK, JJ.

SACKETT, Judge.

Defendant-appellant Melvin Palestine Cornelison appeals his conviction of escape and conspiracy to commit burglary. He contends his trial attorney was ineffective in allowing the confession of a co-defendant, who did not testify, to come in the record. We affirm.

Defendant and Michael Mitchell were charged following their escape from a prison farm connected with the Iowa State Penitentiary and the burglary of a farm home. Defendant and Mitchell were originally charged under the same trial information with escape, burglary, and conspiracy to commit burglary. Defendant's case was subsequently severed from Mitchell's case, and the burglary charge against defendant was dropped. Mitchell was charged with the burglary. Mitchell was not called to testify in defendant's case.

Defendant sought to present a defense of compulsion. That is, defendant claims he was compelled to escape when he learned there was a contract on his life. He contended the escape was necessary to prevent his serious injury.

Defendant contends his trial attorney was ineffective in cross-examining a State Division of Criminal Investigation agent, Timothy Sammons. Sammons testified defendant gave him a statement about the escape and a description of what he had done while out of prison. Sammons also testified defendant gave conflicting stories of his participation in the burglary with Mitchell. He said originally defendant said he listened from the barn and then claimed to be asleep during the burglary. Defendant made no other statements about planning the burglary. Defendant admitted he had a stolen knife from the house after the burglary was committed.

In cross-examining Sammons, defendant's attorney allowed to be entered in the record inculpatory information implicating defendant in the burglary and contradicting some of his testimony on his claim of compulsion. The testimony Sammons gave on cross-examination came from Mitchell's confession.

Defendant complains Sammons testified Mitchell admitted he committed the burglary and gave details on the planning, including instructions to defendant.

Defendant further complains this allowed the State, on re-direct, to elicit the following testimony from Sammons:

Q. Since we've got into inmate Mitchell's statement, did inmate Mitchell make any statements as to how he and inmate Cornelison would support themselves on their way up to Minnesota? A. They stated they may have to do some burglaries.

Q. Your understanding of the statement is that they would both have to do burglaries? A. That's the way I understood it, yes.

Defendant claims his trial counsel deprived him of his Sixth Amendment right to effective assistance of trial counsel allowing the admission of Mitchell's confession which he claims was prejudicial to his cause.

Defendant cites *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), in support of his proposition. Defendant contends Mitchell's statement was the only solid evidence a conspiracy existed and defendant had a role in the burglary. Defendant advances absent the testimony he now challenges, the only other evidence the State introduced was the testimony of the homeowner. She testified items recovered from Mitchell and defendant were hers and the knife defendant had in his possession was taken from her home. At trial, defendant

denied he knew about the burglary and said he had just been looking for a place to sleep. He testified the only discussion about the burglary was Mitchell told him he was going to look around and if he found something, he found it, and if he didn't, he did not. At trial, defendant claimed he remained in the barn and was not aware Mitchell was going in the farmhouse until he came out with a knife and there had been no plans to go in the house.

Defendant further testified he acted as a lookout and said he listened for cars, hoping someone would stop Mitchell and keep him from being harmed by Mitchell. Defendant claimed to be afraid of Mitchell before and after their escape and said before the burglary Mitchell had hit him on the side of his head.

Sammons did not recall Mitchell saying he had threatened defendant or told defendant there was a contract on his life. Sammons also testified Mitchell told him he did not threaten defendant during or prior to the escape.

■■■ Established principles govern our review of defendant's Sixth Amendment claim that trial counsel was ineffective. Our ultimate concern is with "the fundamental fairness of the proceeding whose result is being challenged." *Strickland v. Washington*, 466 U.S. 668, 696, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674, 699 (1984). Ineffective assistance is measured by whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692–93; *see Schertz v. State*, 380 N.W.2d 404, 408 (Iowa 1985). In examining counsel's conduct, we review de novo the totality of relevant circumstances, *State v. Yaw*, 398 N.W.2d 803, 805 (Iowa 1987), mindful of the presumption that counsel performed competently. *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984). Defendant bears the burden of proving by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Kraus*, 397 N.W.2d 671, 673 (Iowa 1986). "Reasonableness under prevailing professional norms" is the standard by which we measure counsel's perfor-mance. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

■■■ The State contends defendant has not shown the required prejudice to succeed on a compulsion defense. The State contends the evidence it induced at trial, without relying on the co-defendant's statement, established defendant's guilt beyond a reasonable doubt. Defendant escaped from incarceration. The only issue was whether defendant proved he was compelled to escape. In *State v. Reese*, 272 N.W.2d 863, 866 (Iowa 1978), the Iowa court recognized a compulsion defense to an escape from prison and set out the conditions that need to exist for the defense to be available under Iowa Code section 745.1. The Iowa court adopted the rationale of *People v. Lovercamp*, 43 Cal.App.3d 823, 831–32, 118 Cal.Rptr. 110, 115, 69 A.L.R.3d 668, 676 (1974), which held:

> "A limited defense of necessity is available if the following conditions exist:
>
> (1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;
>
> (2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;
>
> (3) There is not time or opportunity to resort to the courts;
>
> (4) There is no evidence of force or violence used towards prison personnel or other 'innocent' persons in the escape; and
>
> (5) The prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat."

*Reese*, 272 N.W.2d at 866. The Iowa court, in concluding the defense of necessity to an escape charge is a viable defense, made note the defense of necessity to an escape charge is extremely limited in its application, *id.* at 867, and further said, "[t]his is because of the rule that upon attaining a position of safety from the immediate threat, the prisoner must promptly report to the proper authorities." *Id.*

The evidence, even if defendant's testimony is accepted as true, does not support a finding a compulsion defense existed. Correctional officers at the facility the day defendant escaped testified they were with defendant and he had an opportunity to seek them out. We find it unnecessary to address whether there was evidence of the other requirements for the defense. Defendant has failed to show the necessary prejudice to succeed on his claim he received ineffective assistance of trial counsel on the charge of escape. We affirm this conviction.

■ The second issue is whether defendant's trial counsel was ineffective in representing him on the conspiracy to commit burglary charge. Without deciding whether defendant's trial counsel was ineffective in allowing the admission of Mitchell's confession, we find defendant cannot prove prejudice. Defendant's statements to Sammons that (1) he escaped on Mitchell's promise of money, beer, and women in Minnesota, (2) he and Mitchell discussed the escape plans for several days before they escaped, (3) Mitchell told him there was no contract on his life but he told him that to get him to escape, and (4) he and Mitchell discussed the burglary were admitted in evidence. These statements were contradictory to defendant's testimony at trial. Furthermore, defendant had a knife taken from the farmhouse when arrested. This was evidence of participation. *See State v. Patman,* 189 N.W.2d 620, 622 (Iowa 1971). We cannot find the absence of the co-defendant's, Mitchell's, confession from defendant's trial would change the result. Defendant has not shown the required prejudice. *See Taylor v. State,* 352 N.W.2d 683, 685 (Iowa 1984).

**AFFIRMED.**