# RUTLAND COUNTY.

### FEBRUARY TERM, 1843.

PRESENT HON. CHARLES K. WILLIAMS, *Chief Justice.*
 "  STEPHEN ROYCE,     
 "  MILO L. BENNETT,  *Assistant Justices.*
 "  WILLIAM HEBARD,

---

### STATE OF VERMONT *v.* ISAAC A. LATHROP.

In an indictment for obtaining goods and chattels by false pretences, it is necessary to allege that they were the property of some person, as in a case of larceny, or an excuse must be stated for not making the averment.

THIS was an indictment under the statute for obtaining goods by false pretences, with intent to defraud, &c.

There was a demurrer to the indictment, which was overruled. This was followed by a plea of not guilty, a trial by jury and a verdict of guilty. To a decision of the court upon a question of variance, and the charge to the jury, and also to the decision overruling the demurrer, the respondent excepted.

As the case was finally decided upon a single point in the demurrer, no further notice is here taken of the exceptions, or of the arguments of counsel, than as they relate to that point.

The indictment charged that the respondent, " contriving
' and intending, unlawfully, fraudulently and deceitfully, to
' cheat and defraud Roger Blake and German Hammond,
' doing business as copartners, by and under the name, style
' and firm of Blake & Hammond, of their goods and mer-
' chandise, on the 25th day of January, 1841, with force and
' arms, at Brandon, in the county of Rutland aforesaid, did
' falsely, unlawfully, knowingly and designedly, fradulently
' and wickedly pretend to the said Blake & Hammond," &c.
[Here followed a specification of the representations and a negation of their truth.] "And that the said Isaac A. Lath-

' rop, by the said false pretences aforesaid, did then and there
' unlawfully, knowingly, and designedly, obtain from the said
' Blake & Hammond divers goods and merchandise, that is
' to say, twenty-five stoves, of great price and value, to wit:
' of the price and value of $550; four cauldrons, of the value
' of $40, and three nests of merlin kettles, of the value of
' $16, with intent, then and there, to cheat and defraud the
' said Blake & Hammond of the same, to the great damage
' of the said Blake & Hammond, contrary to the form, force
' and effect of the statute," &c.

The following were the assigned causes of the demurrer,
to wit: " That it is not set forth in said indictment who was
' the owner of said property in said indictment alleged to
' have been obtained by said Lathrop; nor is it alleged in all
' the material parts of the indictment that the acts complained
' of were done with a view to cheat and defraud any person
' or persons."

It appeared on the trial, that prior to the delivery of the
goods to the respondent, Blake & Hammond had assigned
all their property to trustees for the benefit of their creditors,
and were doing business in the name of the trustees, for the
creditors, and ultimately for their own benefit.

*C. Linsley*, for respondent.

It is not stated who was the owner of the property. It
might be suspected, from the indictment, that Blake &
Hammond were the owners; but this turns out to be a mis-
take, for they could have no interest in it, unless there was
an amount of property in the hands of the trustees beyond
the claims of creditors, of which there is no proof.

It must be conceded that, in prosecutions for larceny, the
ownership of the property must be distinctly stated; and it
is difficult to see why there is not the same necessity in the
present case. It is a part of the description of the offence,
for the same words might be used to several persons for ob-
taining different parcels of property, and if the respondent
were indicted for obtaining the same goods of the trustees, as
their own property, it would seem that the present indict-
ment would constitute no bar, unless patched up by parol
testimony. Archbold's P. C. 123, 427–8; *Regina v. Norton*,
8 Car. & Payne, 350.

*W. C. Kittridge*, state's attorney, for prosecution.

The indictment is framed upon the 15th section of chapter 95 of the Revised Statutes, which is nearly a transcript of 7 and 8 Geo. IV, chap. 29, sec. 53. See Roscoe C. Ev. 416; Arch. C. P. 276.

The indictment sets forth with sufficient certainty, that Blake & Hammond were the owners of the goods so obtained. It is unnecessary to state directly, as in larceny, that the goods were the property of the person defrauded. The language of the 6th section of the 95th chapter of Revised Statutes, relative to larceny, is, in this particular, materially different from that of the section on which the indictment in this case is founded. See also *King* v. *Airy*, 2 East, 30; *Young* v. *Rex*, in error, 3 Term R. 99. See precedents in Chitty's C. L. 1001–16–18; 4 Went. Plead. 78; and Arch. C. P. 279.

Although Blake & Hammond had assigned their property for the benefit of their creditors, the entire interest was in them, as it went to extinguish their liabilities. They were in actual possession, and were the persons actually defrauded as alleged. The case does not show how they became possessed of the property after a *bona fide* assignment; and it is to be presumed that they were always in possession by the consent of assignees and creditors, so that they were, in law, the owners; and any or all of their property was liable to be seized by any creditor who was not a party to the assignment. Arch. C. P. 300; *Rex* v. *Ball*, 1 Mood. C. C. 30.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — As one of the grounds of the demurrer is fatal to this indictment, the court do not deem it necessary to go into the other parts of the case.

The indictment is for obtaining certain goods and chattels of Blake & Hammond by false pretences. In an indictment for larceny it must be distinctly and positively alleged that the goods and chattels stolen were the property of some person named, or else some excuse must be stated for not naming the person who owned the property, as that it belongs to some person to the jurors unknown, &c. Archbold, C. P., in treating of the proof under an indictment for obtaining goods, &c., says that the prosecutor must prove the

goods as stated in the indictment, for the rule in this respect, is the same as in larceny.   In *King* v. *Douglass*, 1 Camp. 212, it was said to be a fatal variance if, on an indictment for obtaining money under false pretences, it appeared in evidence that the money did not belong to the person stated in the indictment, but to his servant ; and the rule, in this particular was recognized to be the same as in an indictment for larceny.    A more direct authority is found in the case of *Regina* v. *Norton*, 8 Car. & Payne, 350, in which, on an indictment under the statute 7 and 8 Geo. IV, c. 29, similar to the statute under which this indictment was found, it was held that the indictment was not good unless, in addition to the false pretences, it contains the requisites of a count for larceny ; and if it do not allege the money, &c. obtained to be the property of any person, it will not be sufficient, inasmuch as it could not, in that state, be pleaded in bar to a subsequent indictment for larceny.    The precedents to which we have been referred, particularly those for obtaining money, &c. by false tokens or pretences, either contain the allegation directly " of the moneys, &c. of the ' said A. B.," or that which is equivalent to a direct allegation of property.    In this indictment, although it is sufficiently alleged that the intent was to obtain the goods and chattels of Blake & Hammond, and to defraud them of the same, it is not averred that the stoves, &c. were the property of Blake & Hammond.    The indictment is defective in this particular, and should have been so adjudged by the county court, when the demurrer was decided.    The judgment of the county court is reversed and judgment rendered that the indictment is insufficient.