THE STATE v. ALLEN AND ALLEN.

1. **Intoxicating liquors: INDICTMENT.** Indictment, the body of which was in the following form: "The said Allen, on, etc., and on each day from that time until the finding of this indictment, in the county of M. aforesaid, did establish, continue and use a building and place for the purpose, and with the intent of owning and keeping and selling intoxicating liquors therein, within the State of Iowa, contrary to law ; and then and there did sell gin, rum, brandy, whisky and other intoxicating liquors." *Held* sufficient.

2. —— It is not necessary in such case to charge that the acts done were "in violation of section 1562 of the Revision." The charge *contra formam statute* is sufficient.

*Appeal from Madison District Court.*

FRIDAY, JULY 28.

DEFENDANTS were convicted and fined in the sum of $50 upon an indictment charging the offense in the following words : " The said William C. Allen and James Allen on the 1st day of January, A. D. 1870, and on each day from that time until the finding of this indictment in the county of Madison aforesaid, did establish, continue and use a building and place for the purpose, and with the intent of owning, keeping and selling intoxicating liquors therein within the State of Iowa, contrary to law, and then and there did sell gin, rum, brandy, whisky and other intoxicating liquors." The formal part charges defendants with the crime of keeping a nuisance, and the usual *contra formam statute* is found at the end of the indictment. Defendants appeal.

*John Leonard* for the appellants.

*H. O'Connor,* Attorney-General, for the State.

The State v. Allen and Allen.

BECK, J. — I. The question presented for our consideration relates to the sufficiency of the indictment, defendants' counsel insisting that it does not charge the commission of any offense under the laws of the State. The substance of the indictment is a charge that defendants did establish, continue and *use* a building for the *purpose* and with the intent of owning, keeping and selling therein intoxicating liquor, contrary to law, and did sell " then and there " intoxicating liquors. It is here alleged that defendants did use the building for the purpose of selling the prohibited liquors, and with the intent so to do, contrary to law. The indictment is substantially the same as the one in *The State* v. *Freeman*, 27 Iowa, 334, *held* sufficient ; the difference being, that in place of the expression " contrary to law," used in the indictment before us, it is alleged in the other one referred to, that the acts charged were done " in violation of section 1562 of the Revision of 1860 of the laws of Iowa.' Counsel for defendants insist that this difference is a fata defect. We think otherwise. We have never understoo the law to require an indictment for an offense created by statute to state specifically, by particular reference thereto, the statute violated by the acts alleged to be a crime. The counsel making the objection has cited us to no authority in support of his views ; we do not think they are sustained by either authority or sound reason. Regarding the indictment precisely the same as the one sustained in *The State* v. *Freeman*, and following that case, we hold that it is sufficient to support the conviction of defendants.

II. It is urged that the fine imposed is excessive and we are asked to reduce it. While this court has the power to reduce punishments inflicted by the district court, it has been rarely exercised. To justify its exercise it must be made to appear that the punishment is excessive. This is not done in the case before us. The district court, having had the witnesses before it, was better advised of the facts of the case than we are, and, being nearer, as it were, to

the defendant and the people among whom the offense was committed, knows better than we do what punishment will deter defendants from a repetition of the crime, and others from entering into the same unlawful business. We are of the opinion that the judgment of the district court ought not to be disturbed.

Affirmed.