## GEORGE WASHINGTON v. THE STATE.

FALSE PRETENSES.—In an indictment for obtaining goods on false pretenses, it is necessary to allege ownership of such goods, and the defect will be noticed on appeal when it had been urged in a motion in arrest of judgment.

APPEAL from Matagorda. Tried below before the Hon. Wm. H. Burkhart.

At the June term, 1873, of the District Court of Mata-gorda county, the grand jury presented an indictment charging that one George Washington, on the 17th day of May, A. D. 1873, in the county of Matagorda, did, will-fully, unlawfully, fraudulently, deceitfully, and falsely pre-tend and represent to Galen Hodges that Conrad Frantz had authorized him, the said George Washington, to pur-chase of the said Galen Hodges, on the credit of him, the said Conrad Frantz, the articles hereinafter described, which said pretense and representation was then and there false, and that the said George Washington did then and thereby (to wit, by said false representation and pretense) purchase and acquire of the said Galen Hodges one pair of calf shoes of the value of two dollars and seventy-five cents, one pocket knife of the value of one dollar and twenty-five cents, one white hat of the value of two dollars, one lamp of the value of fifty cents, one can of lobsters of the value of thirty cents, and twenty jewsharps of the value of five cents each, with the felonious intent then and there to de-prive the said Hodges of the value of said articles, and to appropriate the same to the use and benefit of him, the said George Washington.

The defendant was tried and found guilty, and his pun-ishment fixed at two years. Motion for new trial was overruled, as was his motion in arrest of judgment.

From the judgment entered on the verdict an appeal was taken.

The opinion sets out the motion for new trial and in ar-rest of judgment so far as is necessary to understand the case.

No brief for appellant came to the reporters.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—There being no statement of facts in the record, the charge of the court and the ver-

dict of the jury, as being contrary to the evidence as alleged in the motion for a new trial, cannot be considered.

The objection presented by the motion for a new trial, that one of the jurors was incompetent to sit upon the jury, and that the defendant did not have an impartial trial, is not presented in a proper form to be revised. The judgment sets out the names of the jurors, from which it appears that Whitley was a member of the jury; but there is no evidence in the record to support the allegation of his incompetency. The truth of the charge rests on the motion; and though it is sworn to, the action of the court will not be reviewed in the absence of a statement of the facts on which the court may have ruled in refusing the motion on that ground.

The motion in arrest of the judgment is based in part on the same grounds of the motion for a new trial, with the further ground that the indictment, or, as it is called, the information, was insufficient in not stating who was the owner of the property. There was no exception to the indictment, and the question of its sufficiency to warrant the judgment arises on the motion in arrest. A motion in arrest of judgment, as defined by the code, "is a suggestion to the court on the part of the defendant that judgment cannot be legally rendered upon the verdict against him." (Article 3140.) And by article 3143: "A motion in arrest of judgment shall be granted upon any ground which would be good upon exception to an indictment or information for any substantial defect therein." It might perhaps be contended that this ground is not matter of substance, and, therefore, would not be a ground of exception to the substance of the indictment. Article 2954 provides that "there is no exception to the substance of an indictment or information except, 1st, 'That it does not appear from the face of the same that any offense against the law was committed by the defendant.'" The other causes of exception need not be quoted. By article 2865:

"the certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." If these articles are considered together, as they must be in construing the code of which they are a part, we think the motion in arrest brings in review the sufficiency of the indictment to support the judgment, and that the indictment is defective if it is subject to the objection made by the motion in arrest. (Slaughter *v.* The State, 24 Tex., 410.)

The indictment charges " that the said George Washington did then and there and thereby (to wit, by said false representation and pretense) purchase and acquire of the said Galen Hodges" the property described in the indictment. There is no averment of the ownership of the property. The allegation of an intent to deprive Hodges of the value of the goods is not a sufficient averment that he was the owner. At most it amounts to nothing more than an inference that he might have been the owner or in some way interested, when the fact, if it be one, should have been stated by direct averment, and not left to be inferred. The indictment must state that the goods are the property of the person intended to be defrauded, or give some excuse for not making the averment, to enable the defendant to plead a conviction or acquittal on such indictment, in bar to a subsequent indictment for the same transaction. (Rosc. Cr. Ev., 475 ; State *v.* Lathrop, 15 Verm., 279.)

It is stated by Greenleaf, as a general principle in indictments, " that the names of the persons injured, and of all others whose existence is legally essential to the charge, must be set forth, if known, and that it is material that they be precisely proved as laid." (3 Greenl. Ev., § 22.)

The example he gives is in respect to goods stolen or intended to be stolen; but it is not restricted to theft. The rule is general that the name of the legal owner, general

or special, of the goods, on a charge of theft, and the names of all others who are injured, and whose existence is essential to the charge, if known, must be averred and set forth in the indictment. (Mathews v. The State, 33 Tex., 107; 1 Whart. Prec., 528, 529, 530.)

A critical examination of the indictment might show a want of certainty in other respects. When it is compared with the precedents, the contrast is apparent. Whatever may be the difference between the code and the statutes of the other States on the same subject, and how far the precedents referred to would be applicable here, need not now be examined. (Rosc. Cr. Ev., 473; Tyler v. The State, 2 Humph., 37; Commonwealth v. Lincoln, 11 Allen, 233; The People v. Haynes, 11 Wend., 557.)

The indictment has not been excepted to, and it is not intended to discuss or pass upon its sufficiency on these grounds without argument and further examination.

We are of opinion that the indictment was insufficient in not stating who was the owner of the property, and that the motion in arrest of judgment should have been sustained on that ground. The judgment is therefore reversed and the case remanded.

REVERSED AND REMANDED.