Mr. Justice VaN Valkbnburgh
delivered the opinion of the court.
This cause comes up on a writ of error from Duval County Circuit Court. The bill of exceptions does not contain the evidence taken upon the trial, and the questions presented to this court for settlement are those arising upon the indictment and as to the disqualification of the juror Francis, and the exceptions to tlio charge of the court to the jury.
The first assignment of error is “that the court erred in refusing the motion in arrest of judgment and for a new trial made by defendant’s counsel, dated December 31st, 1878, the court erring especially in overruling the grounds set forth in said motion numbered 10 and 11, as appears by the records of said cause, the same having been good and sufficient in law to set aside the verdict in said cause.”
It is sufficient for the purposes of this case upon that question to examine the alleged error presented as No. 11 above referred to, as it appears in the record:
“That--the said indictment contains no charge or averment of any criminal offence known to the law, or recognized, designated or described in any law or statute of the State of Florida.”
In order to convict upon an indictment for this offence, it is necessary to allege* that the party, by reason'of such false pretenses, was induced to part with the ownership of his property. That is the very gist of the offence. The false representations amount to nothing, so far .as the prosecutor is concerned, unless he has been induced by them to part with something valuable.
It cannot be assumed that every alleged false statement made by the purchaser can be treated as the criminal offense for which this defendant was .indicted. It must be something more; it must have the effect to prevail on the .seller to meet the purchaser’s wishes and to consent to part With his property, and it is necessary to allege this fact in the indictment and to prove it on the trial. In this indictment there is nowhere an averment that by reason of such false pretenses he was induced or prevailed upon to sell him the goods upon the terms alleged. It does not follow but that other reasons existed for his disposing of his goods in that way.
In Commonwealth vs. Strain, (10 Met., 521,) the court say‘in their opinion, “It seems to us that when money or other property is obtained by sale or exchange of property, .effected by means of false pretenses, such sale or exchange ought to be eet.forth in the indictment, and that the false pretenses should be alleged to have been made with a view to effect such sale or exchange, and that by reason thereof the party was induced tovbuy or exchange, as the case may be.” Our statute.is copied, from Massachusetts. In Commonwealth vs. Lannan, 1 Allen, 590, Commonwealth vs. Goddard, 4 Ib., 312, State vs. Philbrick, 31 Me., 401, Schlesinger, 11 Ohio State, 669, State vs. Green, 7 Wis., 676, this rule is strictly observed.
It is nowhere alleged in the indictment that the properly which it is charged that the defendant received or, procured from the firm of Wightman & Christopher was in fact their property. This allegation is necessary and must be supported by proof. An indictment for obtaining goods by false pretenses must contain all the material facts and circumstances which the public prosecutor would be bound to prove in order to produce a conviction. (People vs. Gates, 13 Wend., 311.) This is certainly one of the material facts. The 'allegation of the ownership of the property, and proof of that ownership, is necessary to exclude the faet of the defendant’s having obtained his own goods or money, in which case there coqld be no offence unless, the prosecuting witness had some special interest in the property.
In a criminal charge Lord Mansfield says there is no lat-
*62 ,itude of intention to include anything more than is charged; the charge must be explicit enough to support itself. “A considerable degree of particularity in stating the false pretenses is necessary, because they must be proved as laid, and slight variances may be fatal to the prosecution.” (Rex vs. Plaistow, 1 Camp., 494.) If they must be proved as laid it follows that none can be proved but such as are laid. In the case of Sill vs. Regina, (English Law and Equity R., Vol. 16, p. 375,) the court held that an indictment for obtaining money, &c., by false pretenses must allege whose property the money was at the, time. The same strictness in regard to the indictment for such an offence seems to prevail in this country. Thompson vs. The People, 24 Ill., 60; The State vs. Smith, 8 Blackf’d, 489; The State vs. Vickery, 19 Texas, 326; The State vs. Lathrop, 15 Ver., 279.
The second alleged error is in the court’s denying the motion to arrest judgment and vacate the verdict for the reason that Edward S. Erancis, one of the jurors that sat in the trial of said cause, was at the time a County Commissioner of Duval County, and therefore not qualified to act as a juror. The fact of his being such County Commissioner is proved by the certificate of the Clerk of the Cir- • cuit Court, who is also Clerk and Auditor of the county, • such certificate having been used on the motion in- arrest of judgment.
The law upon the subject of disqualification of jurors in this State, approved February 17, 1877, chapter 3010, in the latter part of section three, provides that “no Sheriff or his deputies, Assessor of Taxes, Collector of Revenue, County Treasurer, County Clerk, County Judge, County Commissioners, Justices of the Peace or United States officials shall be qualified to serve upon a grand or petit jury.” This statute disqualifies a County Commissioner from- serving on a grand or petit jury. It is no privilege which the officer so drawn may avail "himself of or not at his convenience, but is equally a disqualification as is that of “persons under prosecution for a crime,” which immediately precedes it in the same section.
For these reasons, without an examination of the other errors assigned, we must reverse the judgment and the defendant must be discharged.
Judgment reversed.