WASHINGTON JONES, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment against A. for falsely personating B., and procuring from C. money or other thing by reason of such false personation, should set forth the relations existing between B. and C., which

would show upon what ground B. could demand or expect to receive from C. such money or other thing.

2. It is essential in an indictment for falsely personating another, (sec. 41, McC.'s Dig., p. 364,) that the indictment should allege that the defendant intended to convert the property received by him by means of such fraudulent personation to his own use.

3. In an indictment for falsely personating another, and by means thereof obtaining property, the ownership of the property should be laid in such person as could maintain a civil action of trespass therefor.

4. When the evidence shows that the prisoner went to the Bank of St. Augustine and presented to the teller the bank book of one Kirby, and falsely represented himself to be Kirby, and by means thereof received from the teller the amount such book showed that Kirby had on deposit in such bank, and that the amount paid was in money belonging to the Bank of St. Augustine, the ownership of the money should be laid in the indictment as in such bank and not in the teller.

Writ of errror to the Circuit Court for St. Johns county.

Mr. Justice Raney did not sit in this case.

The facts of the case are stated in the opinion.

*M. C. Jordan* tor Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

The Chief-Justice delivered the opinion of the court:

The Plaintiff in Error was indicted and convicted in the Circuit Court of St. Johns county on the following indictment:

" The State of Florida, } Indictment for obtaining goods
            vs.                  } under false pretences.
  Washington Jones. }

"*In the name and by the authority of the State of Florida:*

"The Grand Jurors of the State of Florida, empanelled

and sworn to inquire, and true presentment make, in and for the body of the county of St. Johns, upon their oath do present, that Washington Jones, laborer, of the county of St. Johns and State of Florida, on the eighteenth day of May, in the year of our Lord one thousand eight hundred and eighty-five, in the county and State aforesaid, feloniously, unlawfully, knowingly and designedly did falsely pretend to one John T. Carr that he, the said Washington Jones, was one Walter Kirby, by means of which said false pretence the said Washington Jones did then and there unlawfully, knowingly and designedly, fraudulently obtain from the said John T. Carr, sixteen five dollar bills of ' the currency of the United States of the value of five dollars each, and twenty-two one dollar silver pieces of the coin of the United States of the value of one dollar each, of the property, goods and chattels of the said John T. Carr with intent then and there to cheat and defraud the said John T. Carr of the same,· and the said John T. Carr was induced to part with the possession of the said sixteen five dollar bills of the currency of the United States of the value of five dollars each, and the twenty-two one dollar silver pieces of the coin of the United States of the value of one dollar each, by reason of the said false and fraudulent pretence. Whereas in truth and in fact the said Washington Jones was not then and there the said Walter Kirby as the said Washington Jones then and there well knew, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

Defendant's attorney moved in arrest of judgment on the following grounds:

1st. The indictment is vague, indefinite and insufficient.

2d. The indictment does not allege facts sufficient to support the verdict.

3d. The indictment does not charge any offence known to the law.

Which motion was overruled.

The motion should have been granted. The indictment was doubtless framed to cover the offence provided for in sec. 41, McC's. Dig., p. 364, of one person falsely personating another, notwithstanding the statement in the margin and the endorsement thereon that it was an indictment for obtaining goods under false pretenses.

The indictment should have set forth what relations were established between Kirby and Carr, by virtue of which Kirby had a right to demand and receive from Carr the money or other thing belonging to him which was in the possession of Carr, and *e converso* the duty of Carr arising from such relations to deliver the money or other thing to Kirby, or if there was no business relations between them, then some special reason why Kirby could have procured from Carr the amount alleged.

With one of these predicates laid in the indictment it should then allege the knowledge of it by the prisoner, his false personation, the delivery to him by reason of such false personation of the property intended to be delivered to the person who had the right to demand or to expect it, and further that the prisoner intended to *convert the said property to his own use.* It falls short of these necessary requirements. It merely states that Jones represented to Carr that his name was Kirby, whereupon Carr gave him one hundred and two dollars. This is insufficient, unless it be shown that Kirby had a right to demand the money of Carr, and that it was incumbent on Carr to pay the same to Kirby, or that some such relation was existing between Carr and Kirby as would be sufficient to induce Carr to loan or deliver the money to Kirby, of which Jones in his assumed character availed himself.

The indictment should also state that at the time of the delivery of the money to Jones, Carr believed him to be the man he represented himself to be—Kirby.

The indictment also fails to allege that the prisoner secured the property "*with the intent to convert it to his own use.*" This statement is essential to the guilt of the prisoner. It does not appear but that he personated Kirby with his consent or with the intention to give the money to Kirby.

The plaintiff in error asked the court to charge the jury as follows: "If it appears from the evidence that John T. Carr was only the teller of the Bank of St. Augustsne, and that his duties were simply to receive money for and pay out money for the said bank, and that he paid out the money alleged in the indictment out of the moneys of the bank while in the performance of his duties as such teller at said bank, then he is in law only the servant of the Bank of St. Augustine, and, unless the indictment alleges the money as obtained from the Bank of St. Augustine, you will find the defendant not guilty."

Which instruction the court refused to give. Bishop, in discussing the question as to whom the indictment should allege the ownership of property to be vested in, says that the ownership must be laid in some person who could maintain the civil action of trespass, and that this is perhaps the true test in all or nearly all the cases. Bishop's Criminal Procedure, Vol. 2, sec. 722.

The evidence showed that the prisoner, Jones, came into the Bank of St. Augustine when one Carr was acting as teller, and presented the bank book of one Kirby to him, saying that he was Kirby and asking payment of the amount the book showed to be due said Kirby, one hundred and two dollars, which amount Carr paid to the pris-

oner believing him to be Kirby. That the money paid to him belonged to the Bank of St. Augustine.

Applying to this evidence the test laid down by Mr. Bishop, we think it plain that the Bank of St. Augustine would be the only proper plaintiff in a suit for the recovery of the money, and as a consequence the indictment should have laid the ownership of the money in the bank.

For the errors pointed out, the judgment of the Circuit Court is reversed and the cause remanded.