## THE STATE v. PENNY.

1. **Criminal Evidence:** CONFESSION: CORROBORATION. Defendant was on trial for obtaining money on false pretenses. The alleged false pretense was that the chattels mortgaged to secure the money were not incumbered, when in fact they were. The only evidence offered to show that they were incumbered was an admission made by defendant. *Held* that such evidence was not sufficient to sustain a verdict of guilty, unless corroborated. (Code, § 4427. *State v. Lewis*, 45 Iowa, 20, distinguished.)

2. **Evidence:** SECONDARY: MORTGAGE RECORDS: FOUNDATION. A chattel mortgage cannot be proved by the record thereof without first laying a foundation for such secondary evidence; and such foundation is not laid by the state in a criminal case by showing that the original mortgage is not in the possession of the prosecuting witness, he not being the party offering the evidence.

*Appeal from Ida District Court.*

TUESDAY, DECEMBER 7.

THE defendant was indicted for the crime of obtaining money under false pretenses. There was a trial to a jury,

and verdict and judgment were rendered for the defendant. The state appeals.

*J. W. Cory* and *A. J. Baker*, *Attorney-general*, for the state.

*Rollins & Bradshaw*, for appellee.

ADAMS, CH. J.—After the state had rested, the defendant moved for an instruction that the jury should render a ver-

1. CRIMINAL dict of not guilty. The court sustained the mo-
evidence:
confession: tion, and gave such instruction, and a verdict was
corrobora-
tion. rendered accordingly. The defendant was charged
with having obtained a loan of money from one Williams upon a chattel mortgage, under the pretense that the property mortgaged was unincumbered, whereas, as is alleged, it was not unincumbered. The state showed in evidence that the defendant admitted that the property was not unincumbered at the time the loan from Williams was obtained and the chattel mortgage was executed to him. There was no other evidence that it was incumbered, and there were no circumstances tending to corroborate, or make credible, the admission. This admission pertained to the body of the crime. Without the fact of other incumbrance, the defendant's pretense was not false, and there was no evidence tending to show guilt. Assuming it to be true, as the undisputed evidence shows, that the defendant, when he obtained the loan, said that the property was unincumbered, his admission that it was not unincumbered appears to be in the nature of a confession. The inherent improbability and weakness attach to it which attach to confessions in general, sought to be proven by evidence, and it appears to us to be of the kind which should be corroborated to justify a conviction. Code, § 4427.

It is true that in *State v. Lewis*, 45 Iowa, 20, an instruction was approved which might seem to be in conflict with this view. The charge in that case was of obtaining money

under false pretenses. The court below in an instruction said, speaking of the representations: "Their falsity may be shown by the admissions of the defendant, if such admissions were voluntarily made." But this court approved the instruction because there were corroborating circumstances. We do not think that the case holds a different doctrine from that above announced.

Other evidence, however, was offered, and the state insists that the court erred in excluding it. The question presented

2. EVIDENCE: secondary: mortgage records: foundation.

is as to the admissibility of the offered evidence. For the purpose of showing other chattel mortgages upon the property, the state called as a witness the county recorder; and offered to introduce the record of chattel mortgages, and also a certified copy of the record. The defendant objected to the same as not the best evidence, and the objection was by the court sustained. The state relies upon sections 3702, 3706, and 3708 of the Code. Without question, a certified copy of the record would have been admissible if the record had been, and we have to say that the record was admissible if the state laid the proper foundation for its admission. But it was not admissible as primary evidence, and the state should, we think, have brought itself within the rule by which primary evidence may be dispensed with. The only evidence offered by the state to bring itself within the rule consisted of the testimony of the prosecuting witness to the effect that he did not have the possession of the original instruments. But it was not the prosecuting witness, but the state, that was offering the secondary evidence.

In our opinion, then, the secondary evidence was rightly excluded.

AFFIRMED.