E. MOULIE, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In an indictment for obtaining goods by false pretenses, the ownership of the property alleged to have been obtained by reason of such pretenses is a material averment and should be stated in an information or indictment for such offense. If the property fraudulently obtained was money, the same rule applies, and the ownership should be directly alleged.

2. In an information for obtaining money by reason of false pretenses it is not sufficient that it may be gathered by inference

from the allegations thereof that the ownership of the money was in some person therein named, but such ownership is a material fact, and should be directly averred.

Writ of Error to the Criminal Court of Record for Duval county.

The facts in the case are stated in the opinion of the court.

*Frank W. Pope* and *T. A. Ledwith*, for Plaintiff in Error.

The Attorney-General, and *George U. Walker*, for Defendant in Error.

LIDDON, J.:

The plaintiff in error was charged in the court below with obtaining money by false pretenses. The information, omitting formal commencement, conclusion and affidavit, reads as follows: "That E. Moulie, laborer, late of the county of Duval and State of Florida, on the 11th day of April, in the year of our Lord one thousand eight hundred and ninety-three, in the county and State aforesaid, feloniously devising and intending to cheat and defraud one Louise Armellini of her property, designedly, by a false pretense, and with intent to defraud the said Louise Armellini, unlawfully, knowingly and designedly did falsely pretend to the said Louise Armellini that the stock and shares of stock of that certain company or concern known as the 'E. Moulie Florida Floral Perfumery Company,' were of great value, and that the said assets of said company were largely in excess of all its debts and liabilities, and that said company was per-

fectly solvent, and amply able to pay its debts; whereas, in truth and in fact, the said 'E. Moulie Florida Floral Perfumery Company' was then utterly insolvent, the stock and shares of stock of said company were worthless and of no value, its assets were not in excess of its debts and liabilities, and the said company was not only not able to pay its debts, but was utterly unable to pay any of its debts, all of which the said E. Moulie then and there well knew. And having so falsely represented the value of said stock and shares of said stock of said company, and having made the said false pretense as to the solvency of said company to the said Louise Armellini, he, the said E. Moulie, then and there besought her to lend to him the sum of five hundred dollars in money, proposing to secure to her the repayment of the same by the 15th day of November, A. D. 1893, together with one hundred dollars as a *bonus*, or for the use of said money, by transferring to her, the said Louise Amellini six of the said shares of the said stock of the E. Moulie Florida Floral Perfumery Company, said transfer to be by a writing assigning unto her said shares of said stock for said purpose; and the said Louise Armellini confiding in and believing the said statements, pretenses and representations of said E. Moulie to be true, and in reliance thereon, and thus being moved and induced to part with her said money, and so to lend the same to him, the said E. Moulie, who also represented that he had full power and authority to make said transfer of said stock, and to execute said written assignment thereof, which said last mentioned representation the said Louise Armellini also believed to be true, she being thereunto thus moved, induced and persuaded, did then and there

lend unto the said E. Moulie the sum of five hundred dollars in money of the lawful currency of the United States of America, of the value of five hundred dollars, he, the said E. Moulie, giving to her at the same time said transfer and assignment in writing, assigning in terms to her upon said 11th day of April, A. D. 1893, six shares of said stock of said company, said paper stating that said assignment was made and given to her to secure the repayment of the said sum of five hundred dollars by said 15th day of November, A. D. 1893, and providing that said Louise Armellini might sell the said stock therein named in case said sum of money was not repaid on said date; and said paper writing being then assigned by the said E. Moulie as follows: Marie Moulie, per E. Moulie, atty. in fact. And so it was, that by color and means of which said false pretense as to the value of said shares of said stock, he, the said E. Moulie, did then and there unlawfully, knowingly and designedly obtain from said Louise Armellini the said sum of five hundred dollars in money, of the lawful currency and money of the United States of America, of the value of five hundred dollars, with intent to cheat and defraud the said Louise Armellini."

The defendant moved to quash the information upon the grounds, among others, that the same was vague, indefinite and uncertain, and does not set forth any crime. The motion was overruled. The defendant was put upon trial and convicted. After verdict of guilty, he moved to arrest the judgment upon the same grounds as he had moved to quash the information, which motion in arrest was also overruled. The conclusion reached by the court does not require any further statement of the facts of the case.

E. Moulie v. The State of Florida.—Opinion of Court.

The plaintiff in error attacks the information as in-sufficient, because it does not allege the ownership of the property which the defendant is charged with hav-ing obtained by reason of the alleged false pretenses. An examination of the information shows that it is defective in the respect charged against it. That the ownership of property charged to have been obtained by false pretenses is a material averment, and should be stated in an information or an indictment for such offense, has been settled in this State. Ladd vs. State, 17 Fla. 215. The property alleged to have been ob-tained in that case was not money, but that the same rule would apply to such an indictment for obtaining money, was settled in Sill vs. Regina, 16 Eng. Law & Eq. 375, which is cited in the opinion with approval (17 Fla. text 221). It is argued on behalf of the State that inasmuch as the information in the beginning al-leges in averring the motive with which the pretense was made that it was "to cheat and defraud one Louise Armellini of her property," and further alleges that the inducement to part with the property was that "said Louise Armellini confiding in and believing the said statements, pretenses and representations of said E. Moulie to be true, and in reliance thereon, and thus being moved and induced to part with her said money," etc., that the only fair inference and conclu-sion from the information is that the money fraudu-lently obtained was the property of Louise Armellini. It is true that from this information we have good reason to suspect that the money in question was the property of Louise Armellini. But we can not supply by inference or conjecture a material fact which this court has held (Ladd vs. State, *supra*), should be al-leged and proven. The indictment in the case of State

vs. Lathrop, 15 Vt. 279, cited in Ladd vs. State, charged that the respondent, "contriving and intending, unlawfully, fraudulently and deceitfully to cheat and defraud Roger Blake and German Hammond, doing business as copartners, by and under the name, style and firm of Blake & Hammond, of their goods and merchandise, on the 25th day of January, 1841, with force and arms, at Brandon, in the county of Rutland aforesaid, did falsely, unlawfully, knowingly and designedly, fraudulently and wickedly pretend to the said Blake & Hammond," etc. (Here followed a specification of the representations and a negation of their truth). "And that the said Isaac A. Lathrop, by the said false pretenses aforesaid, did then and there unlawfully, knowingly, and designedly obtain from the said Blake & Hammond divers goods and merchandise, that is to say, twenty-five stoves, of great price and value, to-wit: of the price and value of $550; four cauldrons, of the value of $40, and three nests of merlin kettles, of the value of $16, with intent, then and there, to cheat and defraud the said Blake & Hammond, contrary to the form, force and effect of the statute." A motion was made to quash upon the ground "that it is not set forth in said indictment who was the owner of said property in said indictment alleged to have been obtained by said Lathrop." In disposing of the point the court held that in this class of cases there must be a direct allegation of the ownership of the property as in larceny, and said: "In this indictment, although it is sufficiently alleged that the intent was to obtain the goods and chattels of Blake & Hammond, and to defraud them of the same, it is not averred that the stoves, etc., were the property of Blake and Hammond. The

indictment is defective in this particular, and should have been so adjudged.''

The judgment of the court below is reversed, with directions that the motion to quash the information be granted.