STATE OF IOWA v. E. A. PINCKNEY, Appellant.  .

**Liquor Nuisance:** INDICTMENT. An indictment for keeping a nuisance
    alleged that defendant used a certain building as a drug store,
    "with the intent to sell there intoxicating liquors, to-wit (de-
    scribing them), and then and there did sell the same." *Held.*

that the words "then and there," following the description of
the liquors, are sufficient to designate the drug store as the
place of the unlawful sale.

*Appeal from Winnebago District Court.*—HON. C. H.
KELLY, Judge.

THURSDAY, APRIL 12, 1900.

THE defendant was indicted for keeping a nuisance.
His demurrer to the indictment was overruled, and he ap-
peals.—*Affirmed.*

*L. S. Butler* and *Geo. D. Peters* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van
Vleck,* Assistant Attorney General, for the State.

SHERWIN, J.—The indictment is in the following
language: "The grand jury of the county of Winnebago,
in the name and by the authority of the state of Iowa, accuse
E. A. Pinckney of the crime of maintaining a nuisance, com-
mitted as follows: That the said E. A. Pinckney on or about
the 5th day of November, in the year of our Lord 1898, in
the county aforesaid, and on divers other days and times
between the said 5th day of November, 1898, and the find-
ing of this indictment, did keep, use, and occupy a certain
building in the town of Forest City, county and state afore-
said, commonly known as a 'drug store,' with the intent to
sell there, contrary to law, intoxicating liquors, to-wit, beer,
whisky, rum, gin, brandy, and other intoxicating liquors,
the names of which are to this grand jury unknown, and
then and there did sell the same contrary to and in violation
of the law." The defendant demurred to this indictment
on the ground that it does not substantially conform to the
statute, and does not charge that the defendant sold intoxi-
cating liquors in the building named therein. The real
contention is that the words "then and there," used at the

conclusion of the indictment, are not sufficiently direct and certain as to the place where the liquors were sold to constitute an averment that they were sold in the building or drug store mentioned in the indictment. It must be conceded that the indictment in this respect is not as clear and explicit as it might easily have been made, and, to sustain it, we must look to the intention of the pleader, rather than to the precise language itself. The only case to which our attention has been called which seems, upon examination, to support the indictment before us, is that of *State v. Freeman,* 27 Iowa, 333; and it is not entirely clear that the precise question now before us was considered in that case, although an indictment similar to the one at bar was held good, generally. In *State v. Harris,* 27 Iowa, 430, cited by the appellee in support of its position, the question as to the sufficiency of the indictment was not before the court; and *State v. Allen,* 32 Iowa, 248, was decided upon another point entirely. It will be observed that the charge here is that the defendant "did keep, use, and occupy a certain building in * * * Forest City, county and state aforesaid, commonly known as a 'drug store,' with the intent to sell there intoxicating liquors, to-wit, * * * and then and there did sell the same." The appellant concedes that the indictment, down to the word "liquors," charges an intent to sell in the building, and we think this a fair construction of the language used. But down to this point no crime was charged in the indictment, and unless the words "then and there," following the description of the liquors, can be said to direct the common understanding to the building as the place where the unlawful sale was made, the indictment was insufficient. The indictment itself shows an attempt to charge the keeping of a nuisance. The place used and kept is described as a drug store situated within a political subdivision of the county where the venue is laid. The words "then and there," given their fullest meaning may, we think, be said to designate and point out the building located as particularly described.

Text writers upon criminal law lay down the rule "that indictments are not required to be so strictly nice and technical for misdemeanor as for felony." Bishop Criminal Procedure, section 413. And our own statute says they are sufficient if drawn "in such manner as to enable a person of common understanding to know what is intended." Code, section 5280. We conclude, with some hesitation, however, that the indictment is sufficient, and the judgment is therefore AFFIRMED.