The State of Iowa, Appellee, v. W. G. Clark, Appellant.

Grand jurors: MEMBER OF ELECTION BOARD: DISQUALIFICATION. Membership of an election board does not disqualify one from serving as a grand juror, and the mere fact that the name of one of the judges of election was returned by the board of which he was a member affords no proof that the same was done at his solicitation.

Grand jury: DRAWING OF PANEL: IMMATERIAL ERROR. A slight deviation from the statute as to the number of names required for a grand jury list from which the panel is drawn is not a material error.

False pretense: INDICTMENT: DESCRIPTION OF PERSON DEFRAUDED. In charging a crime all the facts which are necessary to constitute a complete offense must be stated, so that the accused may be advised of the nature of the case it is proposed to make against him; and in charging the crime of obtaining money or property by false pretense the name of the party whose property rights have been invaded must be expressly averred and not left to inference. The indictment in the instant case is held defective in this respect.

False pretense: EVIDENCE. The record of an unsatisfied mortgage is not sufficient to disprove the truthfulness of a grantor's representation that the land was unincumbered by mortgage liens; and where there was no other evidence than that of the county recorder that the original instrument was not in his possession or under his control, there was no proper foundation for admission of the record as secondary evidence of the fact that the mortgage was unsatisfied, even if competent.

*Appeal from Jefferson District Court.*—Hon. D. M. Anderson, Judge.

Wednesday, Feburary 17, 1909.

Indictment for cheating by false pretenses. Trial

to a jury, and verdict of guilty. Motion for a new trial overruled, and from the judgment entered on the verdict the defendant has appealed.—*Reversed* and *remanded* for a new trial.

*Claude R. Porter* and *Crail & Crail,* for appellant.

*H. W. Byers,* Attorney General, and *C. W. Lyon,* Assistant Attorney General, for the State.

WEAVER, J.—1. The appellant moved to set aside the indictment because of the alleged disqualification of three grand jurors upon the panel from which was drawn

1. GRAND JURIES:
member of
election board:
disqualification.

the grand jury by which the indictment was returned. The statute (Code Supp. 1907, section 337) makes it the duty of election boards to certify that the jury lists returned by them do not contain the name of any person who directly or indirectly requested to be included therein. It is shown in the record that upon the full panel of grand jurors drawn for the year in question were three persons each of whom had served upon an election board which returned names for the grand jury list, though no two of them served in the same precinct. One of these persons was a member of the grand jury which returned this indictment. It is argued that the fact that the name of a member of an election board appears upon a jury list is conclusive evidence that it was so returned by his direct or indirect request, and that such fact goes to the legal integrity of the panel, and invalidates the indictment. But the argument is unsound. As already noted no two of these grand jurors were members of the same election board. These boards are composed of at least three members, and the mere fact that the name of one of them appears in the list returned affords no proof that the person so designated was placed therein at his request. This we

have already held in a late case. See *State v. Anderson,* 140 Iowa, 445. Membership of the election board is not a disqualification for jury service. The purpose of the statute referred to is to keep the jury lists free from the presence of those who solicit or seek places thereon. The burden is upon the objector to show the fact of such solicitation or seeking. There is no evidence of such fact in this case, and the presumption is that the lists were properly made, and the certification that they contain no such names is true and correct.

It is further sought to set aside the indictment because the grand jury list from which the panel was drawn contained but seventy-three names instead of seventy-five 2. GRAND JURY: as required by law. This court is already drawing of panel: imma- committed to the doctrine that such slight terial error. deviations from the statutory methods of selecting a grand jury involve no material error. See, precisely in point, *State v. Carney,* 20 Iowa, 82; *State v. Brandt,* 41 Iowa, 602. The motion to set aside the indictment was therefore properly overruled.

II. The appellant also demurred to the indictment because of its alleged failure to state the name of the owner of the property which is alleged to 3. FALSE PRE- have been obtained by false pretenses, and TENSE: indict- ment: descrip- does not state facts constituting an offense tion of per- son defrauded. against the laws of this State. This demurrer was overruled, and error is predicated on such ruling. The material portion of the indictment is in the following language:

The said W. G. Clark on the 9th day of November, A. D. 1904, in the county of Appanoose and State of Iowa, did then and there unlawfully, willfully, feloniously, designedly and with intent to defraud one Ella Close, represent and pretend to said Ella Close, he, the said W. G. Clark, was the owner of certain property in Centerville, Iowa, to wit, lot nineteen (19) in Clark & Peatman's

addition to the city of Centerville, Iowa, and that said property was free from all incumbrances of every kind, and then and there offered to convey to said Ella Close said property above described on payment to said W. G. Clark of a certain sum of money, to wit, nine hundred and fifty dollars, by good and sufficient warranty deed, and relying on said representation, and in pursuance of said offer, the said Ella Close was then and there induced to pay to the said W. G. Clark the sum of nine hundred and fifty dollars in payment for the purchase of said property. Whereas, in truth and in fact, said land above described was not clear and free from all incumbrances, and the said W. G. Clark did not have a clear title to said land, there being at the time a mortgage in existence covering and including said property above described, said mortgage being for the sum of five hundred dollars and given by one C. J. Miller to one John Galbraith. And the said W. G. Clark falsely and fraudulently made said representations to said Ella Close, designedly and with intent to defraud, then and there knowing said representations to be false, and for the purpose of procuring from said Ella Close nine hundred and fifty dollars as aforesaid. And the said Ella Close believed said representations and pretenses so made to be true, and relied thereon, and was induced to deliver to said W. G. Clark said nine hundred and fifty dollars as above mentioned, and said Ella Close was thereby defrauded, contrary to law, and in such case made and provided and against the peace and dignity of the State of Iowa.

These allegations we think are open to the objection made by the appellant. While under our statutes and practice mere matters of form are not insisted upon with the strictness which marked the common law, there has not been, nor can there safely be, any relaxation of the rules which require a legal accusation of crime to state with clearness and certainty all the facts necessary to constitute a complete offense, and disclose to the accused the nature of the case which the State proposes to make against him. The substance of the alleged crime—that is, the facts which are necessary to constitute a complete

offense—must still be stated with certainty and precision. Our statute expressly provides that an indictment "must contain a statement of the facts constituting the offense" (Code, section 5280), and must be direct and certain as to the particular circumstances of the offense when they are necessary to constitute a complete offense. Code, section 5282.

There are crimes which may be committed by the accused in the secrecy and solitude of his room which do not directly or immediately affect any other person, and to charge such a crime it is ordinarily necessary to do no more than to charge the doing of the act and the unlawful or felonious intent. For example, the accused may be charged with the unlawful possession of burglar's tools, under Code, section 4790; he may adulterate food with intent to sell the same in violation of Code, section 4982; or may keep intoxicating liquors with intent to sell in violation of the prohibitory law, and a charge of an offense of this class may be made without alleging the purpose of the accused to injure any particular person. But by far the larger class of public offenses are not of this character. In most instances the offense against the State is complete only as the wrongful act operates upon or affects some third person. For example, there can be no assault without a person assaulted, no bribery without a person bribed, no unlawful sale without a purchaser, and no unlawful loaning of public moneys without a borrower, no larceny without trespass upon the property rights of another. *State v. Allen,* 32 Iowa, 248; *State v. Brandt,* 41 Iowa, 593; *State v. Jackson,* 128 Iowa, 543. It follows of necessity that in such cases the statement of the name of the third person without whom the crime can not be committed is essential to the statement of a complete offense, and an indictment which omits to state such name is demurrable. *Buckley v. State,* 2 G. Greene, 162; *State v. McConkey,* 20 Iowa, 574; *State v. Allen, supra;*

*People v. Minnock,* 52 Mich. 628 (18 N. W. 390); *State v. Murphy,* 17 R. I. 698 (24 Atl. 473, 16 L. R. A. 550); *State v. Brandt, supra.*

It would seem to require no argument to show that the crime of obtaining money or property by false pretenses is of the latter class. The offense which the statute creates can be committed only by obtaining money, goods, or property belonging to another by means of some false pretense or false token, Code, section 5041. To charge the crime, it is therefore necessary to state the name of the person whose property rights have been thus trespassed upon. This principle has been often affirmed and reaffirmed by the authorities—just as in cases of robbery and larceny. Indeed, these three crimes—robbery, larceny, and obtaining property by false pretenses—have many essential elements in common. In each the gist of the offense is the felonious taking and conversion of the property of another; the difference between them relating solely to the means by which such taking and conversion are accomplished. In neither can there be any completed offense except as the property of some other individual is in fact obtained, and the name of such individual is descriptive of the offense, and must therefore be averred in stating the accusation. This was our holding in the comparatively recent case of *State v. Jackson,* 128 Iowa, 543. The rule thus approved finds sufficient support in *Leobold v. State,* 33 Ind. 484; *Washington v. State,* 41 Tex. 583; *People v. Krummer,* 4 Parker, Cr. R. (N. Y.) 217; *Thompson v. People,* 24 Ill. 66 (76 Am. Dec. 733); *State v. Wasson,* 126 Iowa, 320; *State v. Lathrop,* 15 Vt. 279; *Jones v. State,* 22 Fla. 532; *Moulie v. State,* 37 Fla. 321 (20 South. 554); *Halley v. State,* 43 Ind. 509; *Thompson v. People,* 24 Ill. 60 (76 Am. Dec. 733); *State v. Blizzard,* 70 Md. 385 (17 Atl. 270, 14 Am. St. Rep. 366); *State v. Smith,* 8 Blackf. (Ind.) 489.

The Attorney General, in argument, concedes the

rule above stated to be the law of this State, and further concedes that the indictment before us contains no specific allegation of the ownership of the money alleged to have been obtained by the appellant, but insists that the language actually employed is the equivalent of such specific allegation.   But this can not be allowed.   It is one of the most elementary rules of criminal pleading that in construing a charge of crime nothing is to be taken by intendment, nor can the lack of material averments in the indictment be supplied by mere matters of recitation or by inference from other statements. ' True, it is alleged that by means of the false representations Ella Close was induced to pay over · to the appellant a certain sum of money; but it nowhere states whose money was thus paid or delivered, nor can we find that meaning in any of the language employed except as a matter of mere inference. *Sill v. Regina,* 16 Eng. L. & Eq. 375.   That ownership is a material fact which must be expressly averred and not left to inference, see *Moulie v. State,* 37 Fla. 321 (20 South. 554).   The demurrer should have been sustained.

III.   To support its case the state offered, and the court over defendant's objection admitted, testimony to the effect that in some five or six other instances, during the period from the year 1903 to 1905, the appellant had sold one or more town lots to other purchasers, representing them to be free from incumbrance, and that in each instance it was afterwards discovered that the property was incumbered by mortgage.   In each instance the prosecutor having proved the representation disputed its truth by putting the county recorder upon the stand, and after showing that such officer did not have· possession of the mortgage constituting the alleged incumbrance had him identify certain pages of the books of his office showing the record of a mortgage upon the property in question which had

4. FALSE PRE-
    TENSE:
    evidence.

never been discharged of record. To each of these offers the appellant objected, on the ground that the evidence presented was incompetent and secondary, and that no foundation had been laid for its admission. The overruling of these objections is assigned for error. We are disposed to hold that under well-settled rules this evidence should have been excluded. The only foundation laid by the State in each instance was the statement of the recorder that he did not have the original instrument in his possession or under his control, and this we think was entirely insufficient. So far as the record shows each and every person holding mortgage incumbrances, if any, on these lots was within reach of a subpoena, and the best evidence of the existence of such liens could have been produced. The county recorder's office is not a depository of mortgages except for the temporary purpose of copying them into the record, and the fact that he does not have these instruments in his possession is of no significance whatever as a foundation for the offer of secondary evidence. Moreover, an uncanceled record of a mortgage, without more, is wholly insufficient to disprove the truthfulness of a representation that the property is unincumbered by mortgage liens. The mortgage debt may have been fully paid; it may have been barred by the statute of limitations, and many other reasons may be suggested why the record of the mortgage, though never formally canceled, does not necessarily import an existing lien. We may concede that upon a proper showing the contents of a deed or mortgage may be shown by introducing the record thereof or a certified copy of the record (Code, section 4630), but in the case before us the point sought to be established by the introduction was not simply that such mortgages had been executed and recorded, but that defendant's representations made at a later date to the effect that the lots were not incumbered were falsely and fraudulently made. Standing alone as it does, proof

of the record is wholly insufficient to support such a finding. The same question was before this court in *State v. Penny,* 70 Iowa, 190. In that case as in this the defendant was charged with obtaining money by false pretenses upon property falsely represented to be free from incumbrance. As in the present case it was sought to prove the falsity of the representations of the testimony of the county recorder who produced the record showing uncanceled mortgages on the property, and it was there held that such evidence was secondary, and that the testimony of the prosecuting witness showing the original instruments not to be in his possession was insufficient to make them admissible. The force of the suggestion above made is emphasized when we say that, aside from this showing of secondary evidence, there is not a word in the record to indicate that any person whomsoever has ever asserted any claim or lien under or by virtue of any of the alleged mortgages, or that any of said purchasers have ever suffered loss or damage on account thereof. That the admission of such evidence was prejudicial to the appellant is too clear for argument.

We reach this conclusion all the more readily from the fact that the case as made by the State upon the transaction between appellant and Mrs. Close is of a weak and unsatisfactory character. Taking the story of the prosecuting witness as literally true, it seems to present a case of false promises rather than of false pretenses in the legal sense of the term. The contract was reduced to writing, and the undertaking there is not that the property was clear of incumbrance at that date, but that, when the balance of the purchase money was paid appellant, a warranty deed showing clear title would be delivered to the purchaser. There is other testimony as to representations which have a tendency to establish the charge as made, but it is neither so direct, strong or positive that we can say that, without the incompetent evidence to which

we have called attention, the verdict must still have been the same.

Other questions have been argued by counsel, but those we have already discussed being decisive of the appeal we shall not protract this opinion for their consideration.

The cause must be remanded for a new trial.—*Reversed.*