STATE OF IOWA, Appellee, v. A. L. NEUHART, Appellant.

No. 45063.

June 18, 1940.

Rehearing Denied September 27, 1940.

Fred D. Everett, Attorney General, Jens Grothe, Assistant Attorney General, and George C. Van Nostrand, County Attorney, for appellee.

Ralph H. Munro, for appellant.

Miller, J.—Defendant, together with three other persons, was indicted for the crime of cheating by false pretenses. The charge, as amended, was that the accused designedly, by false pretenses, by false token and with intent to defraud, obtained from Winnifred T. Ball 21 head of red white-faced cattle, which were owned by and the property of said Winnifred T. Ball, contrary to section 13045 of the Code, 1935. Trial was had, resulting in a disagreement of the jury. A petition for change of venue was overruled and a second trial had, resulting in a conviction from which this appeal is taken.

The evidence of the state showed that the defendant, Neuhart, induced one Van Carter to come to Fairfield to buy some cattle. The two of them went to the farm in question and negotiated with one John Riggs, who was the agent of Winnifred T. Ball and her husband, Harry I. Ball. Defendant and Riggs were acquainted with each other. Defendant introduced Van Carter as "Charles Miller" and purported to act as agent for him. The negotiations resulted in a sale of 21 cows by

Riggs, acting as agent for Winnifred T. Ball, who owned the cattle, to defendant, purporting to act as agent for "Charles Miller", for the agreed sum of $1,100. Defendant, in the presence of Van Carter, delivered to Riggs a check signed by "Charles Miller" for $1,100, drawn on the Farmers Savings Bank of Marion, Iowa. Defendant assured Riggs that he had handled similar checks for "Charles Miller" and that they were good. The check was accepted and the cattle delivered. When attempt was made to cash the check, investigation revealed that there was no such bank as the Farmers Savings Bank of Marion, Iowa.

Appellant has assigned a large number of errors as the basis for reversal. In divisions I, II and III of his argument, appellant asserts 21 assignments of error in reference to rulings of the court on the introduction of evidence. It would unduly prolong this opinion were we to undertake to even briefly pass upon the propositions asserted in such assignments of error. Suffice it to say that we have carefully considered all of them and find nothing in reference to them which would warrant a reversal.

Divisions IV, X and XI assign as error the ruling of the court on the motion for a directed verdict, made at the close of the State's evidence in chief and renewed at the close of all the evidence, which was overruled in each instance. This motion asserted that the State failed to show that the cattle were obtained from Winnifred T. Ball, failed to show that the cattle were owned by her and there was a material and fatal variance between the indictment and the proof. In ruling upon the motion, the court took the position that there was no material variance and the evidence was sufficient to support a conviction. We think that the court was right.

As heretofore pointed out, one pretense shown by the evidence was that defendant induced Riggs to believe that Van Carter was "Charles Miller". This was false. That such a false pretense may be the basis for a conviction under the statute herein involved is demonstrated by our decision in the case of State v. Goble, 60 Iowa 447, 15 N. W. 272. Defendant

also induced Riggs to believe that the check signed by "Charles Miller" in the sum of $1,100 was good, whereas the evidence shows that there was no such bank as the one it was purported to be drawn upon. That such a false pretense may be the basis for a charge of cheating by false pretenses is demonstrated by our decision in the case of Mulroney Mfg. Co. v. Weeks, 185 Iowa 714, 717, 171 N. W. 36, 37. The evidence also shows, as above stated, that the cattle in fact belonged to Winnifred T. Ball and were her property, that Riggs was acting as her agent and relied upon the false pretenses of defendant, as a result of which the property of Winnifred T. Ball was wrongfully converted by defendant.

This brings us to the question whether the indictment should have stated that the property was obtained from Riggs rather than Winnifred T. Ball. We think the court was right in holding that the indictment was sufficient. The gist of the crime involved herein is ably pointed out by the opinion of Justice Weaver in the case of State v. Clark, 141 Iowa 297, 302, 119 N. W. 719, 721, wherein, speaking for the court, he states:

"The offense which the statute creates can be committed only by obtaining money, goods, or property belonging to another by means of some false pretense or false token, Code, section 5041. To charge the crime, it is therefore necessary to state the name of the person whose property rights have been thus trespassed upon. This principle has been often affirmed and reaffirmed by the authorities—just as in cases of robbery and larceny. Indeed, these three crimes—robbery, larceny, and obtaining property by false pretenses—have many essential elements in common. In each the gist of the offense is the felonious taking and conversion of the property of another; the difference between them relating solely to the means by which such taking and conversion are accomplished. In neither can there be any completed offense except as the property of some other individual is in fact obtained, and the name of such individual is descriptive of the offense, and must therefore be averred

in stating the accusation. This was our holding in the comparatively recent case of State v. Jackson, 128 Iowa, 543 [105 N. W. 51]. The rule thus approved finds sufficient support in Leobold v. State, 33 Ind. 484; Washington v. State, 41 Tex. 583; People v. Krummer, 4 Parker, Cr. R. (N. Y.) 217; Thompson v. People, 24 Ill. 66 (76 Am. Dec. 733); State v. Wasson, 126 Iowa, 320 [101 N. W. 1125]; State v. Lathrop, 15 Vt. 279; Jones v. State, 22 Fla. 532; Moulie v. State, 37 Fla. 321 (20 South. 554); Halley v. State, 43 Ind. 509; Thompson v. People, 24 Ill. 60 (76 Am. Dec. 733); State v. Blizzard, 70 Md. 385 (17 Atl. 270, 14 Am. St. Rep. 366); State v. Smith, 8 Blackf. (Ind.) 489.''

The foregoing language would seem to be controlling here. As there pointed out, ''the gist of the offense is the felonious taking and conversion of the property of another.'' In this case, the evidence showed that the property belonged to Winnifred T. Ball. The gist of the offense was the felonious taking and conversion of her property. The indictment so states. We hold that it is sufficient and that there is no variance between the charge and the proof.

The gist of appellant's complaint appears to be that the indictment should have charged that appellant obtained the cattle from Riggs, as agent for Winnifred T. Ball. We do not think that the name of the agent was required to be included in the indictment. A somewhat analogous situation is discussed by us in the case of State v. Cadwell, 79 Iowa 432, 435, 44 N. W. 700, 701, wherein we state:

''A specific ground of complaint in argument is that the defendants were indicted for receiving the deposit, and it is not competent to show on the trial that the money was received by another than the defendants personally. We think no such rule has ever been held by a court of last resort. On the contrary, a general and well-recognized rule is that, if a person does the act constituting the offense, through the agency of another, the act is his, and it is unnecessary to aver the agency in the indictment. It may be charged directly as his

act, and proof that he did the act through the agency of another will sustain a conviction. Whart. Crim. Ev. [9 Ed.] secs. 102, 112; Whart. Crim. Law [9 Ed.] sec. 522; State v. Neal, 7 Fost. (N. H.) 131; Commonwealth v. Nichols, 10 Metc. 259; Commonwealth v. Bagley, 7 Pick. 279; Stoughton v. State, 2 Ohio St. 562; Brister v. State, 26 Ala. 107.''

If a charge that a defendant did an act constituting an offense may be proved by evidence that the act was done through his agent, it would seem to us obvious that the charge that appellant obtained the property of Winnifred T. Ball by false pretenses may be proved by evidence showing that her property was obtained from her through false pretenses which induced her agent, acting in her behalf, to part with such property.

We are also unable to see where there would be any basis for prejudice to the defendant. The reason for a prohibition against variance between the charge and the proof is that the accused must be accurately apprised of the nature of the offense charged in order that he may adequately prepare for his defense. The record here shows that this cause was fully tried previously, resulting in a disagreement of the jury. From ought that appears in the record, the same evidence was presented at that trial. The accused was apprised not only of the nature of the charge against him, but also of the evidence which would be introduced to sustain that charge. Appellant's claim of variance between the charge and the proof is wholly without merit.

■ Divisions V, VI, VIII and IX complain of the instructions of the court. We have repeatedly stated that, in determining whether or not statements in the instructions which might, under some circumstances, appear to be erroneous, shall be deemed to constitute reversible error, the instructions must be read as a whole. The instructions here given have been so considered. We find nothing in them which would warrant a reversal.

■ Appellant did not see fit to take the witness stand. The evidence which he did introduce in no way controverted

the testimony of the State which supports the verdict of the jury. The evidence is undisputed that false pretenses were made and relied upon with the result that the property of Winnifred T. Ball was converted wrongfully and fraudulently by appellant. The numerous grounds for reversal asserted by appellant are extremely technical and do not go to the merits of the case. In State v. Roberts, 222 Iowa 117, 123, 268 N. W. 27, 30, we state:

"Courts are not organized for the purpose of letting criminals out. They have criminal jurisdiction that they may enforce the laws of the state. It is wrong for courts to reverse cases where there are simply technical defects in the instructions, or technical errors in the trial, which do not affect the result. Section 14010 says we must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties. We cannot see here that any substantial right has been affected."

The foregoing language seems to be peculiarly appropriate to this appeal. We have carefully examined all of the many assignments of error interposed by appellant and cannot see that any substantial right has been affected. The judgment is affirmed.—Affirmed.

RICHARDS, MITCHELL, BLISS, OLIVER, STIGER, SAGER, and HALE, JJ., concur.